(No. 2366.    Feb. 28, 1920.)

## WALTERS et al. v. WALTERS.

### SYLLABUS BY THE COURT.

1.    Where a father in feeble health had retired from active business, and had intrusted the management and control of his business affairs, which were extensive, to his son, who was an energetic young man of more than ordinary business ability, and where it appeared from all the evidence that the father had complete confidence in his son's honesty and business ability, and that the son was the dominant party in their relations, **held**, that these facts establish the existence of confidential relations between the father and son.        P. 29

2.    Where confidential relations between parent and child are shown to have existed, and where a conveyance of property is made by the weaker to the dominant party, a presumption arises that the conveyance was obtained through undue influence of the dominant party, and the burden is on the person claiming under such a conveyance to show that the transaction was bona fide.        P. 30

3.    Where there was no evidence in the case to rebut the presumption of undue influence, it must be taken as a proven fact that the conveyance was obtained through undue influence.        P. 30

4. Where a son procures from his father the legal title to real estate without consideration and to the exclusion of the other children of the father, and such title is obtained through undue influence exercised by him over his father, and upon the death of the son the property descends to his heir, equity will impress a constructive trust on such real property in the hands of the son's heir and in favor of the other children of the father. P. 30

5. Where appellant abandons an assignment of error, appellee cannot have the point reviewed without having assigned it as error on a cross-assignment. P. 31.

Appeal from District Court, Chaves County; McClure, Judge.

Action by Owen R. Walters and others against Robert O. Walters, a minor. Judgment for plaintiffs, and defendant appeals. Affirmed.

HIRAM M. Dow, of Roswell, for appellant.

Plaintiff pleads that certain real property described in the complaint was conveyed to Ray Walters by Robert O. Walters, pursuant to an agreement of the said Ray Walters to receive and hold the same in trust, the deeds being absolute on their faces; a trust arising from agreement of parties whether written or oral, is an express trust and must be manifested or proved, although it need not be created, by some writing.

Eagle Mining & Imp. Co. v. Hamilton, 14 N. M. 271; 91 Pac. 718; Perry on Trust, § 79.

When plaintiff relies upon an agreement creating an express trust, a resulting trust cannot arise by implication of law.

Dunn v. Zwilling, 94 Iowa 233; 62 N. W. 746; Byers v. McEnery, 117 Iowa 494; 91 N. W. 797; Leggett v. DuBois, 5 Page Chy. (N. Y.) 114; 2 Story Equity Jurisp., § 980; Moseley v. Moseley, 86 Ala. 289; 5 So. 732; Acker v. Priest, 92 Iowa 610, 61 N. W. 235.

The oral testimony of parties as to declarations of grantee named in deeds were inadmissible, *first*, because an express trust is pleaded and could not be established by parol. *Second,* because the oral testimony offered relating to the declarations of the grantee were vague and indefinite and did not show actual or intended fraud on the part of the grantee.

Eagle Mining & Improvement Co., 14 N. M. 271, 91 Pac. 718; Lafayette Street Church Society of Buffalo v. Norton, 39 L. R. A. (N. S.) 906, note; Feeney v. Howard, 4 L. R. A. 826; 13 Ency. of Evid., 116, et seq; 13 Ency. of Evid., 121, et seq; Willis v. Robertson (Iowa), 96 N. W. 900; 39 Cyc., 176; Sherman v. Sandell (Cal.), 39 Pac. 979.

A trust will not arise from a mere verbal promise of the devisee or grantee to hold property for the benefit of another. The only ground on which such a trust can be rested and is rested by the overwhelming authority, is actual intended fraud, and that should be alleged in the pleading.

Lafayette Street Church Society of Buffalo v. Norton, 39 L. R. A. (N. S.) 906; Feeney v. Howard, 4 L. R. A. 826; Collins v. Hope, 20 Ohio 492; Gaylord v. Gaylord, (N. C.) 63 S. E. 1028; Ricks v. Wilson, (N. C.) 70 S. E. 476; Porter v. Mayfield, 21 Pa. 268; Troll v. Carter, 15 W. Va. 507; Pusey v. Gardner, 21 W. Va. 469; Poling v. Williams, (W. Va.) 46 S. E. 704; Richardson v. McConaughey, (W. Va.) 27 S. E. 287; Crawford v. Workman, (W. Va.) 61 S. E. 322; Mee v. Mee, (Tenn.) 106 Am. St. Rep. 865; Lantry v. Lantry, 51 Ill. 459, 2 Am. St. Rep. 310; Davis v. Stambaugh, 163 Ill. 557, 42 N. E. 178; McClain v. McClain, (Ia.) 10 N. W. 333; Tenant v. Tenant, (W. Va.) 27 S. E. 334; Skahon v. Irving, (Ill.) 69 N. E. 510; Verzier v. Conard, (Conn.) 52 Atl. 255; Barr v. O'Donnell, (Cal.) 9 Am. St. Rep. 242, 18 Pa. 429; Brook v. Brock, (Ala.) 9 L. R. A. 287; Doran v. Doran, (Cal.) 33 Pac. 929; Barry v. Hill, (Pa.) 31 Atl. 126.

The oral testimony of parties as to declarations made by grantor in a deed conveying absolute estate in land that another person is owner of the land, or that the grantee holds in trust for him are not admissible to impair the rights of the grantee, conferred by such conveyance.

13 Ency. of Evid. 122; 39 Cyc. 176.

Parol evidence is not admissible to engraft an express trust on a deed.

39 Cyc. 82, 83, and note 62; 13 Ency. of Evid. 126; Doran v. Doran, (Cal.) 33 Pac. 922; Willis v. Robertson (Iowa) 96 N. W. 900.

Evidence of admissions or declarations by a person to establish against him an express trust for land in favor of another against his legal title is unreliable and weak, and should be received with great caution, for equity requires that parol evidence to engraft an express trust in lands on a deed absolute shall clearly and convincingly show that *contemporaneously* with the execution of the deed the terms of the trust were declared and the beneficiaries designated. There was no proof showing that the grantee made any declarations contemporaneous with the execution of the deeds, and the court in this case should have held proof insufficient to establish or raise a trust.

Mintz v. Soule, L. R. A. B, p. 183 et seq. (See § 105 of note to case cited); Crossman v. Keister, 8 L. R. A. (N.S.) 698; Chambers v. Emery, 45 Pac. 192 (Utah); Skeen v. Marriott, (Utah) 61 Pac. 296; 13 Ency. of Evid. 124, 126; Perry on Trusts, § 137; Grummer v. Price, (Ark.) 143 S. W. 95; Rinton v. Gibson, 84 Pac. 186; Low v. Graff, 80 Ill. 360; Cooper v. Skeel, 14 So. 578; Monroe v. Graves, 23 Iowa 597; Maple v. Nelson, 31 Iowa 322; Epps v. Dickerson, 35 Iowa 301; Kendall v. Mann, 11 Allen (Mass.) 15; McNair v. Pope, 100 N. C.

——, 6 S. E. 234; Hinton v. Pritchard, (N. C.) 10 L. R. A. 401; Stall v. Cincinnati, 16 Ohio St. 169; Tröll v. Carter, 15 W. Va. 567; Collins v. Hope, 20 Ohio 492; Re O'Hara (N. Y.) 47 Am. St. Rep. 53; Moore v. Crump, (Miss.) 37 So. 109; Gaither v. Gaither, 3 Md. Ch. 158; Whitehouse v. Bolster, (Me.) 50 Atl. 240; Tenant v. Tenant, (W. Va.) 27 S. E. 334; Lincoln v. Lincoln, 90 N. C. 325.

"In each case the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome the presumption by testimony entirely plain and convincing beyond reasonable controversy, the writings will be held to express correctly the intention of the parties."

Howland v. Blake, 97 U. S. 624; 1 Story Eq. Jur. § 157; 2 Pom. Eq. Jur. § 1040; Dalton v. Dalton, 14 Nev. 419; Maxwell Land-Grant Case, 121 U. S. 365, 381, 7 Sup. Ct. 1271; Crissman v. Crissman, 23 Mich. 217; Groves v. Groves, 3 Younge & J. 163; Nicolls v. McDonald, 101 Pa. St. 514; Stock Bridge Iron Co. v. Hudson Iron Co., 107 Mass. 290; Lench v. Lench, 10 Ves. 511; Bingham v. Thompson, 4 Nev. 224; Nevins v. Dunlap, 33 N. Y. 676.

"The rule is based on the soundest legal principles, for the parol proof must, of necessity, be the testimony of witnesses as to what parties have said or verbally agreed to—a class of testimony notoriously weak—and the fact to be overturned is a writing, the best evidence as to where the legal title is."

Hyden v. Hyden, 6 Baxt. 406; Ringo v. Richardson, 53 Me. 385; Hinton v. Pritchard, (N. C.) 12 S. E. 262;

Corder v. Corder, 124 Ill. 229, 16 N. E. 107; Lehman v. Lewis, 62 Ala. 129; McKinnon v. McKinnon, 46 Fed. 713; Kennedy v. Kennedy's Estate, 57 Mo. 73; 1 White & T. Lead. Cas. Eq. 335; Purcell v. Miner, 4 Wall. 513; Dreher v. Town of Fitchburg, 22 Wis. 643; Russell v. Miller, 26 Mich. 1

At the very most, all the record in this case shows is that the conveyances were in the nature of a family arrangement pursuant to the desire and wish of · the grantor, *not the grantee,* and in the absence of an averment or proof of undue influence or other circumstances of fraud between the parties, equity will not enforce such a parol .promise as is alleged in the complaint, or any that could be implied from the evidence in this cause.

Lafayette Street Church Society of Buffalo v. Norton, 39 L. R. A. (N.S.), Note (5) 917 et seq.; Tillman v. Kifer, (Ala.) 52 So. 309; Ryder v. Ryder, (Ill.) 91 N. E. 451; Mescall v. Tully, 91 Ind. 96; McCartney v. Fletcher, 11 App. D. C. 1; Moore v. Horseley, (Ill.) 40 N. E. 323; Fitzgerald v. Fitzgerald, (Mass.) 47 N. E. 431; Scott v. Harris, 113 Ill. 447; Moran v. Somes, (Mass.) 28 N. E. 152; Brown v. Brown, (Conn.) 34 Atl. 490; Champlin v. Champlin, (Ill.) 29 Am. St. Rep. 323; 26 N. E. 526; Mayfield v. Forsyth, (Ill.) 45 N. E. 403; Stubbings v. Stubbings, (Ill.) 94 N. E. 54.

GIBBANY & EPSTEIN and C. T. NEIS, all of Roswell, for appellees.

The transaction represents a constructive trust.

Pom. Eq. Jur. 1044; Daly v. Amburgey, 143 S. W. 1033; Willis v. Lam, 166 S. W. 251; Perry on Trusts, § 166; 15 Enc. of L. § 111, p. 1184.

Parol evidence of admissions of defendants grantor, since deceased, that she held the title in trust for the grantor was admissible to establish a constructive trust.

Brison v. Brison, 75 Cal. 525, 7 A. S..R. 189; 27 Pac. 186; Lannon v. Knight, 140 Ill. 232, 33 A. S. R. 229; Jackson v. Cleveland, 90 A. D. 270; Bowler v. Curler, 26 Pac. 226, 37 A. S. R. 501, 21 N. W. 158; Custin v. Crockett, 97 Pac. 1091; Bradley Co. v. Bradley, (Cal.) 173 Pac. 1011; McCoy v. McCoy, (Olka), 121 Pac. 176;

Taylor v. Morris, 127 Pac. 66; Arnold v. Hall, 129 Pac. 914; Schwartz v. Gearhart, (Ore.) 75 Pac. 698; Tench v. McMeekan, 118 Pac. 479; Childers v. Talbot, 4 N. M. 168; Smith on Fraud, § 310; Carr v. Craig, 116 N. W. 721; Rollins v. Mitchell, (Minn.) 53 N. W. 1020; Waddell v. Waddell, (Utah) 104 Pac. 743; Combs v. Combs, (Ky.) 99 S. W. 919; Jones on Evid., § 425; Crossman v. Kester, 223 Ill. 69, 114 A. S. R. 305.

Evidence of the subsequent declarations of the grantee as to what he agreed to do at the time the deed was made is admissible to show what occurred at the time of the transaction.

Cooney v. Glynn, 108 Pac. 506; Hayes v. Gloster, 88 Cal. 560, 26 Pac. 267; Brison v. Brison, 75 Cal. 525, 17 Pac. 698, 7 Am. St. Rep. 189; Von Trotha v. Bamberger, 15 Colo. 1, 24 Pac. 883; Boswell v. Cunningham, 32 Fla. 277, 13 So. 354, 21 L. R. A. 54; McClain v. McClain, 57 Iowa 167, 10 N. W. 333; Gaither v. Gaither, 3 Md. Ch. 158; Moyer v. Moyer, 21 Hun. 67; Peebles v. Reading, 8 Serg. & S. 484; Miller v. Saxton, 75 S. C. 237, 55 S. E. 310.

### OPINION OF THE COURT.

MECHEM, M. C., District Judge. This is an action brought to impress a trust upon real estate. The plaintiffs are the children of Robert O. Walters, deceased, and the defendant is the infant son of Ray Walters, deceased, who was a child of the said Robert O. Walters. Judgment was rendered by the lower court enforcing the trust claimed by plaintiffs. From this judgment the defendant appeals.

The facts as shown by the record are as follows: Robert O. Walters, a widower, and a man of considerable means, on the 3d day of November, 1913, made over his entire estate to his son, Ray Walters. The deeds conveying the real estate and the bill of sale transferring the personal property were without consideration, except the promise of Ray Walters to provide and care

for his brothers and sisters, the plaintiffs, of whom three at the time of the bringing of this action were minors. Robert O. Walters died October 9, 1914. Ray Walters died July 19, 1917, leaving a will in which he made bequests to all the plaintiffs and left the remainder of his estate to defendant. It does not appear from the record how nearly these bequests to plaintiffs approximate an equal share in the real estate with Ray Walters, but it is apparent from a reading of the will that the defendant, under it, would receive the greater part of the estate of Robert O. Walters.

[1]   The relations between Robert O. Walters and Ray Walters were those which naturally would arise from complete confidence of the father in the honesty and business ability of the son.   Before transferring the property he had intrusted the entire control and management of it to this son, who consulted with his father on business matters, but otherwise seems to have been the dominant party in their relations.   He drew checks on his father's bank account, bought and sold personal property, and generally carried on the business as if it were his own.   Robert O. Walters for more than two years previous to his death had been in feeble health and did not leave his house for more than a year before his death.   Ray Walters is portrayed by the testimony to have been an energetic young man of more than ordinary business ability and was his father's oldest child. At the date of the transfer of the property, he was about 28 years of age.   Even before his father's retirement from active business life, he exercised the powers of an equal partner in the running of the business, and later on, as one of the witnesses expresses it, "took the lead" in the business and would not allow his father to take any share in its management on account of his ill health. In the matter of the transfer of the property, Robert O. Walters does not seem to have advised with any other person than his son.   The deeds were drawn up under

the direction of Ray Walters, and there is no evidence of the circumstances under which they were executed and delivered.

[2]   It is a rule of almost general acceptation that, where confidential relations between parent and child are shown to have existed and where a conveyance of property is made by the weaker to the dominant party, a presumption arises that the conveyance was obtained through the undue influence of the dominant party, and the burden is on the person claiming, under such a conveyance, to show that the transaction was bona fide.

See notes to Burton v. Burton, 17 Ann. Cas. 984, and Hawthorne v. Jenkins, Ann. Cas. 1915D, 707, where the cases are collected and reviewed. Also, Mead v. Mead, (Cal. App.) 182 Pac. 761; Arntson v. First National Bank, 167 N. W. 760, L. R. A. 1918F, 1038; Jones, Commentaries on Evidence, § 190.

And particularly should the presumption be indulged in in this case, where the conveyances were without consideration and where their effect was to deprive the other children of Robert O. Walters of their equal share in their father's estate.

[3]   There is no evidence in the case to overturn this presumption, and therefore it must be taken as a proven fact that the deeds were procured through the undue influence of Ray Walters. This being so, equity will impress a constructive trust on the real estate so conveyed.

[4]   Prof. Pomeroy says of these trusts:

"In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in

favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust." 3 Pomeroy's Equity Jur. (4th Ed.) § 1053.

This is a clear case for the application of the doctrine above stated. Whatever may have been the intention of Ray Walters in taking the conveyances, and from the record or his dealings with his brothers and sisters, his declarations that he held the property in trust for them and would see that they were all provided for lead to the belief that he always intended to deal honestly with them; yet, nevertheless, he will be held to have invited the trust and the appellant took the property impressed with this trust.

[5] What we have said in this opinion disposes of all the assignments of error argued by counsel for appellant. There was an item of life insurance money, the disposition of which on the judgment of the lower court was made the subject of an assignment of error by the appellant, but, not having been argued in his brief, will be considered as abandoned. Clark v. Queens Ins. Co., 22 N. Mex. 369, 163 Pac. 371. Appellees confess this assignment of error abandoned by the appellant and insist upon a review of it, but, as they have not filed any cross-assignments of error, this request will be denied.

Finding no error in the record, the judgment of the lower court must be affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.