## PAGE & CO. *v.* PETER GRANT AND BRIDGET GRANT.

### JUDGMENT CREDITOR—INSOLVENT DEBTOR—COMPLAINT.

It is sufficient, in a complaint in a suit by a judgment creditor to reach property alleged to have been conveyed in fraud of his rights, to state that an execution had been issued upon his judgment, and "duly returned unsatisfied," without alleging the debtor's insolvency, or that he had no other property out of which the judgment could be made.

### FRAUDULENT CONVEYANCE—CREDITORS EXISTING AND SUBSEQUENT.

A conveyance by the vendor of property purchased with the debtor's own funds to a third person, with an actual fraudulent intent on the part of the parties to the transaction, to hinder, delay or defraud creditors of the debtor, is void, both as to his existing and subsequent creditors.

Appeal from Clatsop. The facts are stated in the opinion.

*Sidney Dell and J. Q. A. Bowlby* for appellants.

The complaint does not state facts sufficient to constitute a cause of suit. It nowhere avers that Peter Grant was insolvent, or unable to meet his liabilities, or that he had no property out of which the judgment could have been made. The only allegation from which this might be *presumed* is, that an execution had been issued and returned " unsatisfied;" the return is not even *nulla bona*. The presumption, from the allegation, should be against the respondents. A defective complaint cannot be cured after verdict or decree. (*Chichester* v. *Vass*, 1 Am. Dec., 509; *Green* v. *Palmer*, 15 Cal., 410; *Wilson* v. *Cleaveland*, 30 Cal., 192, 570; *Guy* v. *Washburn*, 23 Cal., 111; *Hicks* v. *Murray*, 43 Cal., 515.)

There is no averment in the complaint that respondents are without legal remedy. Equity will not interpose where there is a speedy and adequate remedy at law. (*Castle* v. *Brader*, 23 Cal., 75.)

*W. W. Thayer and Robb & Fulton* for respondents.

Appellants object to the complaint, because it does not show that there *might* be other property with which the execution might be satisfied. This, we contend, is a matter of defence, and they do not allege that Peter Grant had any other property. If it were true that there was other property, the appellants must make out that fact. (*Brady* v. *Foster*, 13 N. Y., 161; *Punkitt* v. *Polack*, 17 Cal., 327; *Renand* v. *O'Brien*, 35 N. Y., 99.)

It will be seen that the respondents took all the necessary steps at law, as laid down in the authorities cited, before commencing this suit.

We admit that fraud must be proven, but it is not expected that we could get the declaration from their own mouths that they intended to defraud us. They will not publish their own fraud, and even on the witness stand will scarcely ever tell the whole truth. For this reason courts of equity will act upon

circumstances as presumptions of fraud, established by presumptive evidence, which courts of law would not always deem sufficient to justify a verdict at law. (Story's Eq. Jur., sec. 190; *Elfelt* v. *Hinch,* 5 Or., 255; 3 Greenleaf on Evidence, sec. 254; *Lake* v. *Doud,* 10 Ohio, 421; *Wilcox* v. *Kellogg,* 11 Ohio, 399.)

By the Court, WATSON, J.:

This appeal is brought from a decree of the circuit court of Clatsop county, rendered on the 3d day of February, 1880.

The object of the suit was to subject certain property, standing in the name of Bridget Grant, to the payment of a judgment recovered by plaintiffs, in said court, against Peter Grant, on August 23, 1878, for the sum of two hundred and sixty-two dollars and twenty-nine cents, and costs.

The complaint alleges that defendants are husband and wife. That on August 23, 1878, plaintiffs recovered a judgment against Peter Grant in said circuit court, for two hundred and sixty-two dollars and twenty-nine cents, and costs. That on August 31, 1878, an execution, in due form, was issued out of said court upon said judgment, against the personal and real property of said Peter Grant, to the sheriff of said county. "That the said execution has been duly returned by said sheriff, unsatisfied, and that there is now due to the said plaintiffs, on said judgment, the sum of two hundred and sixty-two dollars and twenty-nine cents, and interest from the 23d day of July, 1878, and costs."

That on July 10, 1877, the said Peter Grant entered into a contract with J. N. Armstrong for the purchase of the property therein described. That afterwards, on the 18th day of July, 1877, and after the greater portion of the debt sued upon, and upon which the judgment was given in said action, had been contracted, and while indebted to plaintiffs, the conditions of the contract between Peter Grant and J. N. Armstrong having been complied with by said Peter Grant, the said Peter Grant and Bridget Grant, conspiring to defraud

their creditors, and to prevent the plaintiffs from collecting their demands as aforesaid, from said Peter Grant, by a certain instrument, fraudulently had said property conveyed and assigned to said Bridget Grant, without any consideration being paid by her, and for the purpose of defrauding his creditors. The prayer is, to have the property applied to the payment of the judgment against Peter Grant, and that the conveyance to Bridget be declared void as to the plaintiffs.

The answer contains substantial denials of the allegations of fraud in the complaint; of Peter Grant's ownership of the property; of the compliance with the terms of the contract referred to, by Peter Grant; and a denial that any of the said debt, except a small amount, was incurred between the 1st of July, 1877, and the 20th day of said month, and an allegation that the small portions of the debt existing on the 18th day of July, 1877, principally existed prior to the contract set up in the complaint.

The court below held the conveyance to Bridget Grant fraudulent and void, and decreed that the property be sold to pay the judgment against Peter Grant, and costs of suit.

Appellants urge that the complaint does not state facts sufficient to constitute a cause of suit, because it does not show that Peter Grant was insolvent, or had no property out of which the judgment against him could be made.

We do not think this proposition can be sustained. Courts of equity entertain jurisdiction, in such cases, for the reason that the remedy at law has failed or proved ineffectual.

The sheriff's return of the execution unsatisfied is the best evidence of such failure of the remedy at law, and cannot be controverted. (*Jones* v. *Green*, 1 Wallace, 330; *McElwain* v. *Willis*, 9 Wend., 559.)

When a judgment creditor has issued an execution and the sheriff has returned it unsatisfied, he has exhausted his legal remedy.

Counsel for appellants base their argument respecting the insufficiency of the complaint, in part, at least, upon the form

of the allegation referring to the sheriff's return. We understand that the pleader is attempting to state the legal effect of the return, and not its language, and that, if denied, proof of a return of *nulla bona* would establish the allegation. And if the sheriff's return is conclusive, it would be idle to allege, in addition to such return, that the judgment debtor was insolvent, or had no property out of which the judgment could be made. It is not correct, as counsel for appellants insist, that such an allegation would not be sufficient but for special statutory provision making it so. The statute is merely declaratory of the rule as it previously existed, as is shown by the case last cited.

The allegation that Peter Grant is the owner of the property must be taken in connection with the other allegations in the complaint, and cannot be held to mean that he was the owner of the legal title. The whole complaint taken together shows clearly that the legal title was not in Peter Grant.

We come now to the question of fraud, which is vital in this case. Upon a most careful examination of all the testimony submitted, we have become fully convinced that the conveyance of the property in dispute, by J. N. Armstrong to Bridget Grant, was the result of an understanding between them and Peter Grant, and was intended by all of said parties to hinder, delay and defraud the creditors of Peter Grant. That the contract for the purchase of said property was made on his behalf, and the price thereof paid by him, or out of his funds for him.

Having found an actual fraudulent intent on the part of the defendant in this transaction, we conclude it makes no difference whether the debt represented in the plaintiff's judgment against Peter Grant was contracted before or after the conveyance to Bridget Grant. Such a conveyance would be void, on account of the fraud as to subsequent as well as existing creditors. (1 Story's Eq. Jur., secs. 361 and 362; *Reade* v. *Livingston*, 3 Johns. Ch., 499, 501; Kerr on Fraud and Mistake, 206, 207.)

As a result of these conclusions, we find there was no error in the decree of the court below, and it must be affirmed, with costs.

Decree affirmed.