[Civil No. 1069.   Filed March 20, 1909.]

[100 Pac. 773.]

CHARLES CLASON and AUGUST DALEY, Defendants and Appellants, v. NICK MATKO, DAN SEFFER, JOHN LOPIZICH, J. KRILANOVICH, and LOUIS VISALIA, Plaintiffs and Appellees.

1. STIPULATIONS—OPERATION AND EFFECT—CONCLUSIVENESS AS TO QUESTION RAISED ON DEMURRER.—In a suit to quiet title to a mining claim, the answer set up a forfeiture through failure of plaintiffs to do the annual work and a relocation by defendants, and a demurrer to the answer was sustained on the ground that defendants' location certificate, made a part thereof, was void because the notice did not state that any part of the ground included therein was located as abandoned property, as required by Civil Code of

1901, paragraph 3241, though in a stipulation of facts it was agreed that the respective locations on which the parties based their rights were each duly made, except that plaintiffs did not admit the ground was open to location on account of their failure to do assessment work. *Held,* that as both parties had amended their pleadings without regard to the stipulation, it was not an agreed case supplanting the pleadings under paragraph 1390, permitting such a judgment as the facts might warrant; but that it pertained merely to the evidence on trial, and hence was not conclusive on the question decided by the demurrer, which was properly sustained.

2. MINES AND MINERALS—ACTION TO QUIET TITLE TO MINING CLAIM—COMPLAINT—SUFFICIENCY TO SUSTAIN JUDGMENT.—Civil Code of 1901, paragraph 4105, provides that the complaint in a suit to quiet title must set forth the nature and extent of the plaintiff's estate and must describe the premises. A complaint, in a suit to quiet title to a mining claim, alleged, in substance, that plaintiffs were the absolute owners against everyone except the government of the B mining claim by deed from one S. C., the locator, and referred to the location notice as a part of the complaint, and gave the book and page of its record in the county recorder's office. *Held,* that the complaint fulfilled the statute requirements, both as to title and description, sufficiently to sustain the judgment, it appearing that no objection was made to its sufficiency.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed. (Appealed.)

The facts are stated in the opinion.

Edw. J. Flannigan, for Appellants.

John McGowan, for Appellees.

SLOAN, J.—Nick Matko and four others brought suit against August Daley and Charles Clason in the district court of Cochise county to quiet their title to a mining claim known as the "Bangor," situate in the Warren mining district. The defendants filed an answer, in which they set up a forfeiture of the Bangor claim through the failure of the owners to do the annual work thereon for the year 1903, and a relocation of the same ground under the same name by defendants in the year 1904 before any resumption of work by plaintiffs during that year. To this answer, and made a part

thereof, was attached the location certificate of the relocation made by defendants. This notice did not state that any part of the ground included therein was located as abandoned property, as required by paragraph 3241, Civil Code of 1901. A demurrer was interposed by the plaintiffs to the answer of defendants, which was sustained by the trial court on the ground that the location certificate made part of the answer, being void under said paragraph, as construed by us in *Cunningham* v. *Pirrung*, 9 Ariz. 288, 80 Pac. 329, the answer constituted no defense to plaintiffs' suit. The defendants stood upon their answer, whereupon the court, upon a stipulation of facts which had been theretofore entered into and filed by the respective parties, entered judgment for the plaintiffs. The defendants have appealed from this judgment.

The stipulation referred to read as follows: "That all parties plaintiff and defendant are now, and at all the times mentioned in the pleadings have been, each citizens of the United States of America. That the respective locations, upon which, as shown by the pleadings herein, the parties plaintiff and defendant base their rights to the Bangor mining claim, were each duly made, and that all acts required by the laws of the United States, and the laws of the territory of Arizona, necessary to vest in the parties so locating good and valid title so far as valid location could vest the same, such as mineral discovery, monumenting of claim, and recording of location notices, etc., were each duly done and performed at the time of said locations, except the plaintiffs do not admit that at the time of said location of defendant Daley the ground was open to such location by reason of failure to do assessment work for the years 1901 and 1902, or to resume work prior to the date of said location."

It is contended by counsel for the appellants that this stipulation is conclusive upon any question affecting the validity of the location of the Bangor mining claim made by them, except the one question of forfeiture of the original location by reason of the failure of the owners thereof to do the annual work for the year 1903, and consequently is a waiver of any defect of pleading which does not have reference to this one question of forfeiture. It seems to us that counsel for appellants, in urging this view, has overlooked the obvious purpose of the parties in filing the stipulation, which was mani-

festly to have it take the place of testimony or other evidence upon the trial, and not to supplant the pleadings in the case. Undoubtedly the parties might have come into court upon an agreed statement of the case without any formal pleadings under the provisions of paragraph 1390, Civil Code of 1901, and have obtained such a judgment as the facts might warrant. Such was not the attempt in this case, as appears from the stipulation itself and the conduct of the parties in the proceedings subsequent to the entry of the stipulation. It appears by the record that, after the stipulation was entered into and filed, both parties amended their pleadings without regard thereto. It therefore appears that this was not an agreed case under paragraph 1390, but a stipulation appertaining merely to the matter of evidence upon the trial. We hold therefore that the trial court did not err in sustaining the demurrer.

Counsel for appellants, in his reply brief, calls attention to the complaint, and argues that it is insufficient to sustain the judgment, under the authority of *Keppler* v. *Becker*, 9 Ariz. 234, 80 Pac. 334. The complaint, in substance, alleged that plaintiffs were the absolute owners, against everyone except the government, of the Bangor mining claim by deed from one Scott Turner, the locator thereof, and referred to the location notice thereof as a part of the complaint, and gave the book and page of its recordation in the office of the county recorder of Cochise county. It will be noted that this suit is not what is ordinarily termed an "adverse suit." It is an action brought under the provisions of our statute to quiet title. Paragraph 4105, Civil Code of 1901, among other things, provides that the complaint in an action to quiet title must set forth "the nature and extent of the" plaintiff's "estate" and must describe the premises. It is apparent from the allegations of the complaint that the "estate" of the plaintiffs in the Bangor mining claim was under and by virtue of a location thereof under the mineral laws of the United States, and, as the notice of location was made part of the complaint, it met the requirements of the statute, both as to the title and as to the description of the premises, sufficiently to sustain the judgment, it appearing that no objection was made in the court below to the sufficiency of the complaint by demurrer or otherwise. In *Kep-*

*pler* v. *Becker* we held that a complaint in an adverse suit, which merely alleged in general terms that the plaintiffs were the owners and entitled to the possession of the mining claim, was insufficient and subject to general demurrer.   It is apparent that that was a very different case from this, for it did not even appear in the complaint in that case that the plaintiff claimed title under or by virtue of a mining location, and hence there was nothing to indicate the nature and extent of the title or estate.

The judgment is affirmed.

KENT, C. J., and DOAN and NAVE, JJ., concur.