[Civil No. 1826.   Filed February 17, 1921.]

[195 Pac. 532.]

# FRANK PERLEY, HARRY GARDNER, WILLIAM JEFFRIES, and ED FESLERLING, Appellants, v. WILLIAM GOAR, Appellee.

1. MINES AND MINERALS—COMPLAINT IN ACTION TO PREVENT TRESPASS HELD NOT DEMURRABLE.—An action to enjoin alleged trespassers from extracting ore from lode mining claims was not an adverse suit, and the complaint was not vulnerable to demurrer on the ground that it failed to detail the acts of location.

2. MINES AND MINERALS—LOCATION FILED AFTER TIME FIXED BY STATUTE NOT INVALID.—Failure to file location notices for record within the time fixed by Civil Code, paragraph 4030, does not render the locations invalid, except as to adverse rights acquired before the filing.

3. APPEAL AND ERROR—FINDING THAT JURORS DID NOT SEPARATE BINDING ON APPEAL.—A finding by the trial court that jurors did not separate when they were taken to view certain premises, based on conflicting evidence, is binding on appeal.

4. PLEADING—NOT NECESSARY TO PROVE THING ADMITTED.—It is not necessary for plaintiff to prove a thing or fact admitted in the answer.

5. MINES AND MINERALS—RELOCATION BY RELATIVE AFTER FAILURE TO DO ASSESSMENT WORK VALID.—A relocation of a mining claim by a stepson of the original locator who had failed to do annual assessment work was valid, and it could not be assumed, from the mere fact that the stepson subsequently, and after he had perfected the location, transferred the title to the original locator for a nominal consideration, that original locator procured the relocation to avoid doing the annual assessment work.

6. MINES AND MINERALS—QUESTION OF QUALIFICATION OF LOCATOR NOT TO BE RAISED IN ACTIONS BETWEEN PRIVATE INDIVIDUALS.—The question of qualification of the locator of a mining claim, so far as the validity thereof is affected by his alienage, is one which cannot be raised or determined in actions between private individuals wherein the United States is not made a party.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. J. T. Kingsbury, for Appellants.

Mr. John F. Ross and Mr. Bruce Stephenson, for Appellee.

ROSS, C. J.—Appellee, alleging ownership by purchase from the locator of fourteen lode mining claims situate in Dragoon mining district, Cochise county, Arizona, set out in his complaint that appellants had entered into possession thereof, and were extracting therefrom valuable minerals, with the intent to remove said minerals from the mines and ship and dispose of them; that appellants were insolvent, and, unless restrained from doing said acts, he would suffer irreparable injury and damage; that he was without any adequate remedy at law, and prayed that appellants be noticed to show cause why they should not be enjoined.

Appellants in their answer demurred to the complaint upon several grounds. They also interposed as an affirmative defense that the ground covered by appellee's alleged mining claims was vacant and unappropriated public lands, because appellee's grantor, in attempting to locate said claims, had failed to comply with the law in a number of enumerated particulars, and that, while the same were vacant and unappropriated, they entered thereon, discovered mineral in place, and did the other things necessary under the law to effect valid mining claims.

The case was tried by the court with a jury, to whom the issues of fact involving the validity of appellee's locations were submitted, it apparently being conceded that, if his locations were legal, appellants acquired no rights by their acts of location. All the interrogatories as to the discovery of mineral, building of monuments, posting and recording location notices were favorable to the validity of appellee's

locations. Whereupon judgment was entered in accordance with the prayer of the complaint, restraining and enjoining appellants from working on said mines and from taking ore and minerals therefrom.

The assignments based upon the overruling of demurrers we pass over without further notice than to say that, were this an adverse suit, the objections to the complaint in failing to detail the acts of location would be well taken. This not being an adverse suit, but one to prevent a trespass, the complaint is not vulnerable to demurrer upon the grounds asserted. *Clason* v. *Matko,* 12 Ariz. 213, 100 Pac. 773.

Appellee's grantor located the mining claims March 8, 1916, but did not file with the county recorder copies of the location notice until June ·7, 1916, or ninety-one days from the date of location, if the first day be excluded and the last day included in the computation. Appellants, taking the position that the notices of location were not competent evidence because they were not recorded within ninety days, as the statute provides (par. 4030, Civil Code), objected to their introduction, and assign error upon the order overruling their objection: It appearing that the appellants' claim of rights to the ground in controversy is based upon locations dated in November, 1917, and long after the notices of location objected to were filed and recorded, the court was right in admitting them in evidence. The failure to file location notices within the time fixed by statute does not render the locations invalid, except as to adverse rights acquired before the filing. 27 Cyc. 576 (G).

The jury were taken, under charge of a court bailiff, to view the premises. On their return into court appellants raised the point that the view was not conducted in accordance with the court's instructions, and that the· jury had been permitted to separate. The charge was fully investigated by the court and

disallowed. This is assigned as error. The evidence of the bailiff, witnesses, and jurors is all to the effect that the view was conducted fairly, and was made by all the jurors acting together. There is no material dispute as to this, but if there were we would feel bound by the finding of the trial court.

It is objected that the appellee did not show title because when the deed of said mining claim from his grantor was offered in evidence it was ruled out by the court. But, as we understand the ruling, the appellants having admitted in their answer that the mining claims were deeded to appellee as alleged in his complaint, the court felt that no other evidence of such fact was necessary. We can see no reason to prove a thing or fact that is admitted.

It appears that the ground covered by the fourteen locations in controversy had, prior to March 8, 1916, been claimed by appellee, but he, having failed to perform the annual assessment work the previous year, one Massengill, his stepson, relocated the ground, and thereafter, on September 11, 1917, for a consideration of one dollar, deeded all such claims to appellee. It seems to be conceded that the ground was open to location at the time Massengill located it because of the failure on the part of appellee to do the annual assessment work, but it is said appellee could not himself have relocated it legally, and thereby avoid the annual assessment work, nor could he accomplish the same end through his stepson's location. Whatever the rights of an original locator to relocate after failing to do the annual assessment work may be, or whether he may do so at all, it is not necessary to decide; this question being out of the case. It has been held he may relocate. *Warnock* v. *De Witt,* 11 Utah, 324, 40 Pac. 205. Lindley in his valuable work takes the opposite view. Volume 2, par. 405. We do not perceive any reason why the relocation when

made by a relative of the defaulting locator should be held invalid any more than if made by a stranger. The rights acquired in either case would be the same. Nor can we assume in this case that that method was adopted in order to avoid doing the annual assessment work, from the mere fact that the stepson, subsequently and after he had perfected the locations, transferred the title to appellee for a nominal consideration.

Appellants claim that appellee did not make proof that he was a citizen of the United States, or that he had declared his intention of becoming such, and therefore it was error to enter judgment in his favor. This proposition is founded upon the federal statute defining the qualifications of persons who may locate mining claims. In this kind of case the question of citizenship is immaterial. It is said in *Holdt* v. *Hazard,* 10 Cal. App. 440, 102 Pac. 540:

"Notwithstanding the fact that the contrary has been held in some jurisdictions, it is now well settled by the decisions of the courts of the United States that the question of qualification of the locator of a mining claim, so far as the validity thereof is affected by his alienage is one which cannot be raised or determined in actions between private individuals wherein the United States is not made a party. *Billings* v. *Smelting Co.,* 51 Fed. 338, 2 C. C. A. 252; *Manuel* v. *Wulff,* 152 U. S. 507, 38 L. Ed. 532, 14 Sup. Ct. Rep. 651; *McKinley Creek Min. Co.* v. *Alaska Min. Co.,* 183 U. S. 563, 46 L. Ed. 331, 22 Sup. Ct. Rep. 84 (see, also, Rose's U. S. Notes); Snyder on Mines, par. 267; Costigan on Mining Law, par. 47; *Tornanses* v. *Melsing et al.,* 109 Fed. 710, 47 C. C. A. 596."

Finding the record free from error, the judgment is affirmed.

BAKER and McALISTER, JJ., concur.