[No. 2495.  June 22, 1921.]

## BEEBE v. FOUSE.

### SYLLABUS BY THE COURT.

1. A novation does not take place where the seller under a conditional sale contract consents that the purchaser may transfer the goods covered by the conditional sale contract to a third party, and that such seller will accept payments made on the contract from such transferee, where, under the terms of such subsequent agreement, the original purchaser is not released from liability, and the transferee does not become personally obligated for the payment of the balance of the purchase price.                                      P. 196

2. The statute (chapter 74, Laws 1917), which requires conditional sale contracts to be recorded, does not provide for the recordation of an assignment of such a contract.
                                                          P. 197

3. A conditional sale contract is not invalidated when not recorded as against a landlord's lien under the statute referred to, which invalidates such a contract when not recorded as to subsequent mortgages in good faith, purchasers for value without notice, and subsequent judgment or attaching creditors without notice and as against subsequent "general creditors" without notice, as a landlord's lien claimant is neither a mortgagee, judgment or attaching creditor, or "general creditor."                                      P. 198

4. Under a conditional sale contract which gives the seller a right to enter upon the premises and retake possession of the property upon default, the statute of limitations does not

begin to run against the right to replevin such property upon default until the seller elects to exercise the right to retake such property.                                                    P. 199

5. Under section 4146, Code 1915, which provides that when an instrument in writing is the foundation of the action a copy must be attached to the complaint, no contract or other instrument need or should be filed or annexed which is not the foundation of the action or defense.                P. 201

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by L. V. Beebe against Albert Fouse. Judgment for plaintiff, and defendant appeals. Affirmed.

H. B. Jamison, of Albuquerque, for appellant.

Simms & Botts, of Albuquerque, for appellee.

OPINION OF THE COURT.

ROBERTS, C. J.    Appellee brought this suit against appellant to recover certain articles of personal property which appellee claimed to own, and which were in the possession of appellant.    Appellant based his claim to chattels upon the fact that he had purchased the same at a sale made to satisfy a landlord's lien.    The case was tried to the court without a jury, and the court found that the appellee had sold the chattels in question to one Miller some time in the months of January and February, 1917, under a title retention contract; that Miller had made certain payments upon the property; and that he subsequently, with the consent of appellee, transferred the property to one Owens.    The property in question was used in a dry-cleaning establishment, and the business was carried on in a building owned by the Kent estate, of which W. P. Metcalf was agent.    Owens defaulted in the payment of the rent and left the state.    He had not made any payment to appellee on the contract between appellee and Miller after January 2, 1918, and this action was not filed until the 20th day of February, 1919. But no demand was made upon Owens by appellee, and

appellee testified that Owens retained possession of the property with his consent thereafter. In other words, he did not elect to forfeit the contract.

The court found that there was no new contract entered into between Owens and appellee when appellee took the goods over from Miller, and that appellee did not release Miller from his obligation, but did agree to accept payments from Owens on the Miller contract. The court found the facts and stated conclusions of law in favor of appellee, and entered judgment accordingly, from which this appeal is prosecuted.

The first point made by appellant is that the agreement between appellee, Miller, and Owens in the summer of 1917, whereby Owens went into sole possession of all the chattels, was invalid as against a landlord's lien unless acknowledged and recorded. This contention is based upon the assumption that there was a novation; otherwise it is without merit.

"A novation, then, as understood in modern law, is a mutual agreement, between all parties concerned, for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another, or a like agreement for the discharge of a debtor to his creditor by the substitution of a new creditor." 20 R. C. L. p. 360.

[1] In view of the finding of the court that Miller was not released, there could be no novation. It goes without saying that if there was a conditional sale contract between Owens and appellee such a contract would, under the terms of chapter 74, Laws 1917, be required to be recorded in order to afford protection to the seller against the parties named in the statute. There is a question, which will be discussed later, as to whether a landlord's lien would be within the protection of the statute, but as between Owens and appellee there was clearly no conditional sale, but merely an agreement or understanding between the parties that appellee

would and did consent that he would accept the installments due under the Miller contract from Owens. The sale or contract existed between Miller and Owens, not between appellee and Owens. Appellee did not accept Owens as his debtor, and would have had no cause of action against Owens for the debt. We quote the statute:

"Section 1. That section 2 of chapter 71 of the Session Laws of 1915, relating to chattel mortgages, be and the same is hereby amended so as to read as follows:

" 'Sec. 2. That hereafter all chattel mortgages, conditional sales, leases, purchase leases, sale leases, or other instruments of writing having the effect of a mortgage or lien upon personal property, or that are intended to hold the title in the former owner, possessor or grantor until the value or purchase price is fully paid, shall be acknowledged by the owner or mortgagor in the same manner as conveyances affecting real estate, and the same shall be filed or recorded as hereinafter required. The failure to so file or record any such instrument in writing shall render the same void as to subsequent mortgages in good faith, purchasers for value without notice and subsequent judgment or attaching creditors without notice; and as against subsequent general creditors without notice such unrecorded instrument shall not be valid until the same shall be duly filed or recorded as hereinafter provided.' "

[2] It will be seen that under the terms of this statute it was only the conditional sale contract that had to be acknowledged and recorded. Appellant argues that this construction of the statute and the facts in this case leave the parties dealing with the apparent owner of the chattels, which are in his possession, where he holds them under an agreement with the original purchaser under the conditional sale contract, by which such apparent owner is to pay out the original contract, without any protection and subject to imposition and fraud. The answer as to this is that the legislature has not seen fit to provide against such a contingency, and that, however meritorious such a provision might be, it is not the province of the court to extend the terms of

the statute beyond its plain language. This contract between appellee and Miller was entered into before chapter 74, supra, went into effect; consequently appellee's rights were protected under the conditional sale contract, although it had not been recorded.

Our statute (section 3334, Code 1915) gives to landlords a lien on the property of their tenants which remains in the house rented. Property which is held by the tenant under a conditional sale contract, where title has not passed, is not the property of the tenant within the meaning of the statute, and the landlord's lien would not extend to any such goods (Bingham v. Vandegrift, 93 Ala. 283, 9 South. 280).

[3] But there is another sufficient reason why appellant was not entitled to recover or retain the goods purchased by him in this case, and that is that, even though it be assumed there was an oral conditional sale contract between appellee and Owens, of course not acknowledged or recorded, the appellant claiming under a sale to satisfy a landlord's lien, would not come within the protection of the statute. A conditional sale contract is invalidated when not recorded as to "subsequent mortgages in good faith, purchasers for value without notice, and subsequent judgment or attaching crediors without notice, and as against subsequent general creditors without notice." Of course, if appellant held "in privity" with the landlord, and such landlord was within the protection of the statute, appellant would be protected; but the landlord proceeding to enforce his lien was neither a subsequent mortgagee, judgment or attaching creditor, nor a general creditor.

"General creditors are persons who have given credit and who have no lien or security for the payment of a debt so created." Words and Phrases, First Series, vol. 4, p. 3058.

It cannot be said that appellant was a purchaser for value without notice. The facts about the sale

were as follows: Metcalf, the agent, without giving any notice, as required by the landlord's lien statute, took possession of the property and sold it to appellant. Afterwards appellee instituted this action in replevin, and thereafter, and after appellant had been served with notice in the replevin action and knew that appellee claimed title to the property, Metcalf, the agent, gave the statutory notice, and resold the property, at which time appellant repurchased it. At the time of such purchase appellant had notice of the claim of appellee, so that it cannot be said that he was a purchaser for value without notice.

[4] It is next argued that the action was brought more than one year from the time when the cause of action accrued, and was therefore barred by our statute (section 4344, Code 1915), which requires that the action shall be brought within one year after the right of action accrued. This argument is based upon the provision in the contract in question which reads as follows:

"It is further understood and agreed that the time is the essence of this contract, and if any payments remain unpaid after the same shall become due and payable, or if any of the above conditions be violated, the said party of the first part, his agent or assigns, amy enter upon the premises, where said property is stored, or may be found, and retake possession thereof without previous demand or notice either of amounts due, or of possession, or any other demand, and retain all money paid thereon as liquidated damages thereon, agreed upon for violation of this contract by the said party of the second part, and thereupon this contract shall be forever relieved from any claim on behalf of said party of the second part arising therefrom."

Appellant contends that, as appellee's right to forfeit the contract by reason of the non-payment of the January, 1918, installment then accrued, the statute then began to run, and cites in support of his contention Buss v. Kemp Lumber Co., 23 N. M. 567, 170 Pac. 54, L. R. A. 1918C, 1015. It will be

observed that the provisions in the contract in question gave appellee the right to enter upon the premises and take possession of the goods upon default in the payment of any installment, but this right was optional with the appellee. In the case above cited it was held that the statute of limitations commenced to run against a cause of action on a note upon default of the payment of interest, where the note provided that, "in case of a default in any interest payment, then the whole principal sum shall become due and collectible." But in this case it will be observed that by the terms of the contract itself, upon default in the payment of the interest, the whole sum became immediately due and payable, and no option was left with the payee as to whether such was to be the effect of the nonpayment. Under the contract in the case at bar the appellee had the right, if he so elected, to enter upon the premises where the property was found and to retake possession thereof, without previous demand or notice. But this right was in abeyance until appellee elected to exercise it. Consequently, the statute did not begin to run until such election was made.

It is argued that under the evidence Miller was released from liability to Beebe under the Beebe-Miller contract. This argument is based upon the assumption that the court was in error in finding that there was no release. We have read the evidence and it justifies the finding.

It is next contended that there is no evidence in the case to show that Beebe was ever the owner of the goods taken under the writ of replevin from Fouse. By comparison between the final judgment, the testimony of Fouse, and Exhibit A, which contained a list of the goods, it will be seen that the court gave in his final judgment an award to the appellee for just such articles as Fouse did not exclude, and which he admitted in his testimony to have gotten. This would seem to dispose of the

question as to the identity of the articles in the complaint.

[5]   It is lastly claimed that it was error for the court to admit plaintiff's Exhibit A, the conditional sale contract between Miller and appellee, in evidence, over the objection of the defendant, when no copy of it had been set out in the complaint or filed therewith.   Section 4146, Code 1915, provides that when an instrument in writing is the foundation of the action a copy must be attached to the complaint, and in the absence of such copy such instrument cannot be received in evidence.   The right of action of the plaintiff against Fouse to recover the goods mentioned in the complaint was in no sense founded upon the written contract between Beebe and Miller.   In so far as appellee was concerned, Fouse was a trespasser who bought these goods first at a void sale made by the landlord without notice and without right and, second, after the writ of replevin had been served. upon Fouse and second sale was made.   Appellee was not in any way attempting to enforce the conditional sale contract against Fouse, who was not a party to it, but the conditional sale contract between Beebe and Miller was introduced in evidence to show Beebe's ownership of the property, to which he testified orally. Appellee's right of action was not founded upon the conditional sale contract, but upon the fact that he was the owner of the goods and that the same were unlawfully held by the appellant.   The conditional sale contract was simply an item of evidence going to show such ownership.

"No contract or other instrument need or should be filed or annexed which is not the foundation of the action of defense."   31 Cyc. 356.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.