Argued April 21; reversed May 11, 1937

ORR *v.* BAUER ET AL.

(67 P. (2d) 770)

*Lowell Mundorff*, of Portland (Doyle & Mundorff, of Portland, on the brief), for appellant.

*J. B. Ofner*, of Portland (Geo. D. LaRoche, of Portland, on the brief), for respondents Frank and Aspasia Bauer.

*O. A. Neal*, of Portland, for respondents C. G. and Emilie S. Duscheck.

CAMPBELL, J.   This is a suit in the nature of a creditor's bill by plaintiff, Jennie F. Orr, to declare void and of no effect transfers of two certain described parcels of real property, and $2,400 of bonds of the Home Owners Loan Corporation, made by the defendants Frank Bauer and Aspasia Bauer, his wife, to defendants Charles G. Duscheck and Emilie S. Duscheck, his wife.

Plaintiff alleges in effect that defendants Frank Bauer and Aspasia Bauer are husband and wife and that Charles G. Duscheck and Emilie S. Duscheck are

husband and wife, and that Emilie S. Duscheck is the daughter of Aspasia Bauer; that on or about July 23, 1931, defendants Frank Bauer and Aspasia Bauer executed their promissory note to the Peninsula Security Company in the sum of $2,000 with interest thereon at the rate of 7 per cent per anum payable quarterly; that on the same date, to secure the payment of said note, said defendants executed a mortgage on lot 3, block 6, Severance Addition to Portland, Oregon. Said mortgage contained a covenant that the makers thereof would pay all interest when the same became due and would pay all taxes levied against said property when the same were due, and that, if default was made in the payment of taxes or interest, said note and interest could be declared due and payable at the option of the holder, and that said mortgage also contained a covenant that if suit or action was brought to foreclose defendants Bauer would pay such reasonable attorney's fee as the court might adjudge and the costs of the search of the records; that thereafter plaintiff became, by due assignment, the owner and holder of said note and mortgage; that the installment of interest due in April, 1933, and the taxes for the year 1932 became due and remained unpaid, and that the said defendants Bauer also defaulted on the installment of interest due in July, 1933.

On August 9, 1933, plaintiff began suit to foreclose said mortgage and the same was duly foreclosed and judgment entered against defendants Bauer in the sum of $2,000, $200 attorney fees, and $4.50 costs of searching the records together with costs and disbursements of suit; that execution issued thereon and the property was sold by the sheriff to the plaintiff in said suit for the sum of $1,416.09, leaving a deficiency in the sum of $1,000.

Thereafter on September 30, 1933, an execution was issued on said deficiency judgment and a return made by the sheriff that he was unable to find any property belonging to defendants Bauer except in the sum of $5.93 which was applied on the execution.

Plaintiff further alleges, in effect, that on January 11, 1933, defendants Bauer deeded lot 18, block 5, Reservoir Park, Portland, Oregon, to Emilie S. Duscheck; that on June 1, 1933, defendants Bauer deeded lot 5, block 3, Severance Addition to Portland, Oregon, to Charles G. Duscheck and Emilie S. Duscheck; that on February 27, 1930, A. E. Baty and Rose M. Baty made, executed and delivered to the defendants Bauer their promissory note in the sum of $2,400, payable three years from date and secured by a mortgage which was duly recorded. Thereafter on June 3, 1934, the defendants Bauer received in satisfaction of said note and mortgage $2,535 in bonds of the Home Owners Loan Corporation. On the same day, the defendants Bauer transferred $2,400 of said bonds to defendant Charles G. Duscheck.

Plaintiff alleges that all of said transfers were fraudulent and without consideration and made for the purpose of hindering and delaying the creditors of said defendants Bauer and prayed that the same be set aside.

To this complaint defendants Bauer filed an answer in which they admitted most of the allegations of the complaint but made denials on information and belief of the foreclosure suit and the proceedings had therein and that a deficiency judgment existed. They further denied that the transfers were intended to hinder, delay or defraud this plaintiff.

By way of affirmative defense, they alleged that the conveyance of lot 18, block 5, Reservoir Park, Port-

land, was made for a good, valuable and adequate consideration. They alleged that the transfer of lot 3, block 5, Severance Addition to Portland, was made for a good, valuable and adequate consideration and that it was their homestead and that its value did not exceed $3,000. That as to the transfer of the Home Owners Loan Corporation bonds they alleged that they received and held said note and mortgage in trust for the defendant, Charles G. Duscheck, under an oral agreement and that said $2,400 loaned to the said A. E. Baty and Rose M. Baty was the money and property of the defendant, Charles G. Duscheck, and that when said note and mortgage was converted into bonds of the Home Owners Loan Corporation $2,400 of said bonds were turned over to said Charles G. Duscheck in fulfillment of the said oral trust.

Defendants Duscheck answered separately to the same effect as the answer of defendants Bauer as to the transfer of the real estate and the HOLC bonds.

Plaintiffs filed a reply denying all the new matter set up in the answers of the defendants.

The cause came on for trial and the plaintiff introduced in evidence the note and mortgage and the assignment thereof, together with the judgment roll in the suit to foreclose said note and mortgage above referred to and also the return of said execution on said judgment showing that said judgment remained unsatisfied and that plaintiff was still the owner and holder thereof. She introduced evidence to show that the defendants Bauer had no property other than that transferred to the defendants Duscheck. There was also testimony introduced tending to show that the value of lot 18, block 5, at the time of the conveyance was $300. It was brought out that sometime in April or May of 1933

the Bauers defaulted on their note and mortgage and offered, at that time, to deed the mortgaged property to plaintiff if she would cancel the note and mortgage. This offer was refused and plaintiff made a counteroffer to the effect that, if they would apply the rents from said property to the payment of the taxes and interest accruing on the note, she would waive default. This offer was accepted by the Bauers. It appears that the property was not rented at that time, but it was understood that as soon as the property was rented the rents received therefrom would be turned over to plaintiff. Shortly thereafter the property was rented, but defendants Bauer refused to turn over any of said rents to plaintiff unless plaintiff would agree to accept a deed to the property and cancel her note and mortgage.

Plaintiff then rested her case and thereupon defendants moved for a decree of dismissal and for their costs and disbursements. This motion was allowed and a decree entered dismissing the suit with prejudice and entering judgment in favor of defendants for their costs and disbursements. From this decree, plaintiff appeals.

The motion to dismiss was granted on the grounds that there was a failure of proof or that the plaintiff failed to make out a *prima facie* case.

The statute governing transactions of this nature reads as follows:

"Every conveyance or assignment in writing or otherwise of any estate or interest in lands or in goods * * * made with the intent to hinder, delay, or defraud creditors * * * of their lawful suits, damages, forfeitures, debts, or demands, * * * as against the persons so hindered, delayed, or defrauded, shall be void." Oregon Code 1930, § 63-507.

■ In the instant case it appears (1) that the defendants Bauer were indebted to plaintiff at the time of the transfers of the property in question; (2) that the transfers were made to near relatives, a daughter and son-in-law; (3) that the transfers conveyed all the property owned by the defendants Bauer; (4) that said transfers rendered defendants Bauer insolvent. This appears from the evidence and by admissions in the pleadings. The plaintiff, having established these facts, made out a *prima facie* case and the burden of proof was upon the parties to the transfers to show that such transfers were made in good faith and without the intent to hinder or delay creditors.

■ All of the defendants in their answers admitted the indebtedness, admitted that the transfers were made, and attempted to avoid the allegation of fraud in such transfers by alleging that the transfer of lot 18, block 5, Reservoir Addition, was for a good consideration and that the transfer of lot 3, block 5, Severance Addition, was the transfer of their homestead, and, as such homestead, was not subject to execution. That the transfers of the bonds of the Home Owners Loan Corporation was a transfer of the title of property that already belonged to defendant C. G. Duscheck. These admissions are sufficient to place the burden of proof upon the defendants to establish their affirmative allegations.

■ Defendants contend that the plaintiff has failed to allege and prove that the transfers sought to be set aside conveyed all the property owned by defendants Bauer at the time of the transfers or rendered them insolvent.

The complaint alleges:

"That the transfers of property made by the defendants Frank Bauer and Aspasia Bauer to the de-

fendants C. G. Duscheck and Emilie Duscheck have caused the defendants Frank Bauer and Aspasia Bauer to become insolvent and unable to pay their debts and that said defendants have no property subject to execution other than that heretofore transferred to the defendants C. G. Duscheck and Emilie Duscheck.''

This allegation certainly meets the objection raised by defendants. In a suit in the nature of a creditor's bill to reach property alleged to have been conveyed in fraud of the creditor's right, it is sufficient, so far as insolvency and property are concerned, to allege and prove that a writ of execution on a judgment against the debtor has been returned unsatisfied without further alleging that the debtor was insolvent or had no other property out of which the execution could have been satisfied: *Page and Company v. Grant,* 9 Or. 116; *Wyatt v. Wyatt,* 31 Or. 531 (49 P. 855); *Marion Automobile Company v. Brown,* 127 Or. 551 (272 P. 914).

■ In regard to the HOLC bonds, respondents rely upon the presumption of law that: ''A thing delivered by one to another belonged the latter.'': Oregon Code 1930, § 9-807, subd. 8. There is also a presumption of law that a person in possession of a thing is the owner thereof: Oregon Code 1930, § 9-807, subd. 11. Defendants Bauer were in the possession of these bonds up until the time they delivered them to defendant Charles G. Duscheck, and as between the parties it would be presumed that the Bauers were the owner of them up until the time of delivery or transfer, and if they were the owners of them it was incumbent upon them in this suit to show that their ownership was subject to the superior title which they claim was in Mr. Duscheck prior to the time of delivery.

■ Had the defendants Bauer denied that they were the owners of the note and mortgage for which the

HOLC bonds were taken in satisfaction, it would only be necessary for the plaintiff to produce the record of the note and mortgage and the satisfaction thereof to show that defendants Bauer were the owners. But when defendants admitted this in their answer it obviated the necessity of such a showing, and on defendants would rest the burden of proof to show that the record did not speak the real facts. Fraud is never presumed: *Vogt v. Marshall-Wells Hardware Company,* 88 Or. 458 (172 P. 123). But fraud may be proved by circumstantial evidence: *Garnier v. Wheeler,* 40 Or. 198 (66 P. 812); and a transfer of property by a debtor in anticipation of, or during the pendency of, legal proceedings, which renders him insolvent, is a badge of fraud: *Garnier v. Wheeler,* supra; *American Surety Company v. Hattrem,* 138 Or. 358 (3 P. (2d) 1109, 6 P. (2d) 1087).

It will be observed that the HOLC bonds were transferred during the pendency of the suit.

Defendants further denied that said transfers or any of them were made with the intent to hinder, delay or defraud plaintiff. These transfers did in fact delay and hinder plaintiff and prevent her from realizing on her judgment. Such were the natural consequences of such transfers. "A person intends the ordinary consequences of his voluntary act.": Oregon Code 1930, § 9-807, subd. 3.

The decree of the circuit court will be reversed and the cause remanded for such further proceedings not inconsistent herewith.

It is so ordered.

BEAN, C. J., and RAND and KELLY, JJ., concur.