243 P.2d 619

CITY OF HOT SPRINGS v. HOT SPRINGS FAIR & RACING ASS'N, Inc. (N.S.L.)
No. 5451.

Supreme Court of New Mexico.
April 22, 1952.

Douglass K. FitzHugh, Hot Springs, for appellant.

W. C. Whatley, W. B. Darden, LaFel E. Oman, all of Las Cruces, for appellee.

COMPTON, Justice.

Appellee instituted this action for the cancellation of a lease, the purpose of which was to provide adequate facilities for the conducting of county fairs and pari-mutuel races within the municipality of Hot Springs, New Mexico. Appellant is an assignee of the original lessees.

The lease contains many provisions, the violation of which authorizes a forfeiture

at the election of the lessor. The complaint alleges a breach of its covenants in several respects. A copy of the lease was attached to the complaint and, by reference, made a part thereof. Appellant admits the execution of the lease but denies any breach of its terms. The case was tried to the court and following the hearing judgment was entered decreeing cancellation, from which the appeal is taken.

The findings material to a decision are:

"IV. That the defendant as said lessee violated and breached the terms, conditions, covenants, and provisions of said lease or indenture in the following respects and in each thereof, to-wit:

"(a) It has failed to keep separate and apart all monies accruing on account of rentals in a fund known and designated as a building and improvement fund.

"(b) It has failed to render to the plaintiff as lessor, an annual audited statement of account as to the payment and application of payments of rentals.

"(c) It failed within a reasonable time after the execution and delivery of the said lease or indenture, and has wholly failed to lay out and thereafter follow a general plan for the erection, construction and restoration of buildings, structures and fixtures and has

failed to submit any such plan to the lessor, the plaintiff herein.

"(d) It failed to supply pavilions and adequate buildings and structures for use in the holding of a county fair and exhibits of agricultural and natural products of Sierra County, New Mexico, or to keep such buildings and structures in a good state of repair or to arrange that the same were available for the annual Sierra County Fair for the years 1948 and 1949.

"(e) It has failed to construct permanent structures and buildings upon the premises other than the cafe building, a toilet building and one other structure composed primarily of cement block and with a metal roof, and such buildings as have been constructed on the premises, other than the said three mentioned buildings, are of a temporary nature in whole or part and are not fire proof or fire resistent, although materials for the construction of fire proof or fire resistant permanent structures of the type erected and constructed or of the type contemplated by the terms and provisions of the said lease or indenture, to-wit: horse stalls, display pavilion, grandstand and other buildings and structures usually and normally constructed, erected, and used in connection with a fair grounds and racetrack plant, were, as of the

date of the filing of the complaint, and, for some time prior thereto, had been available on the market at Truth or Consequences, New Mexico.

"(f) It has failed to replace the temporary structures and buildings erected on the premises with permanent structures and buildings of fire proof or fire resistant construction although materials needed to accomplish such replacement were, as of the date of the filing of the complaint herein and for some time prior thereto had been available on the market at Truth or Consequences, New Mexico.

"(g) It has failed to construct on the premises structures, buildings, fixtures and additions thereto in a good, safe and substantial manner and with a view to the purpose and use for which the same were constructed, erected and installed, and has failed to keep such buildings and structures as erected in a good state of repair.

"(h) It has failed to furnish the lessor from time to time or at any time with proper and correct statements showing the cost of all improvements, construction, erection, installation, repairs, changes and alterations made by the lessee on the premises.

"(i) It has failed to keep the buildings, structures and improvements erected on said premises free and clear of liens and encumbrances but has permitted a lien to be filed against said premises for labor and materials.

"(j) It failed to pay the proceeds from an insurance policy realized from a fire on the premises into and to keep the same in a building and improvement fund and failed to use the same in the repairing, remodeling or rebuilding of the structure so damaged by the said fire.

"(k) It has failed to keep the premises, buildings, improvements and fixtures and all additions thereto and appurtenances in good repair and in a safe, clean and wholesome condition, and according to the laws and city ordinances in that it has permitted the said buildings, improvements and fixtures to fall into a state of disrepair to the extent that the same are dangerous and unfit for the use for which they were intended and in that the same do not comply with the fire zone ordinances of the City of Truth or Consequences, New Mexico, and are and do constitute a fire hazard.

"V. That written notice of the defaults and breaches set forth above and of each of them was served on the lessee, the defendant herein, more than thirty days and, to-wit, approximately ninety days next preceding the filing of the complaint herein, by delivering in

person to Douglass K. FitzHugh, the attorney for and an officer of the defendant corporation, the said written notice and the same was accepted and received by him on behalf of the lessee, the defendant herein, but the defendant wholly failed to remedy the said defaults and breaches or any of them, and said defaults and breaches continued to and after the time of the filing of the complaint herein."

The original lease was not formally offered in evidence and it is contended that any judgment based thereon becomes a nullity. The question is settled by our rules. The lease was fully set out in the complaint, made a part of it, and its genuineness admitted by the pleadings. Rule 9(k) and (1), our Rules of Civil Procedure, provides:

"(k) WRITTEN INSTRUMENTS REFERRED TO—COPIES TO BE FILED. When any instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if such original or a copy thereof be not filed as herein required, or a sufficient reason given for failure to do so, such instrument of writing shall not be admitted in evidence upon the trial. * * *"

Rule 10, our Rules of Civil Procedure, provides:

"(c) ADOPTION BY REFERENCE—EXHIBITS. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

The author, at 71 C.J.S., Pleading, § 523, page 1080, says:

"A fact essential to a cause of action or defense need not be proved if admitted by the pleadings of the adverse party. Facts admitted by the pleadings have the same force as facts found, whether or not the pleading is formally offered in evidence. Such admissions are binding on the party making them so long as they remain of record, as discussed * * * and proof in contradiction thereof is inadmissible, and any evidence introduced thereafter contrary to such admissions should be disregarded. The rule holds true even though the pleadings which contains the admissions is not sworn to. * * *"

The cases are in accord that facts admitted by the pleadings need not be proved. Perley v. Goar, 22 Ariz. 146, 195 P. 532; Lifton v. Harshman, 80 Cal.App.2d 422,

182 P.2d 222; Gallaway v. Smith, 70 Ariz. 364, 220 P.2d 857; Butler v. Stratton, 95 Cal.App.2d 23, 212 P.2d 43; Marcante v. Hein, 51 Wyo. 389, 67 P.2d 196; Orr v. Bauer, 156 Or. 409, 67 P.2d 770; Donovan v. Security-First National Bank of Los Angeles, 67 Cal.App.2d 845, 155 P.2d 856; Gaines v. Gaines Bros. Co., 176 Okl. 583, 56 P.2d 863.

Section XI of the lease provides:

"(a) The lessees further covenant and agree to and with the lessor that if default shall at any time be made by the lessees in the payment of rentals, in the manner and form aforesaid, and as and when the same becomes due and payable or accrued and to be credited to and deposited in said building and improvement fund, or in the payment of insurance premiums, or any other sums or charges, as aforesaid, after the same shall become due and payable, or if any default or breach be made or suffered by lessees in any of the terms, provisions, agreements, covenants or conditions herein contained to be kept and performed by lessees, and any such default or breach continuing for thirty days, after the same shall have been called to the attention of lessees by written notice from lessor, it shall and may be lawful for the lessor, at its option, to declare the said term ended, * * *".

The notice of default, in part, reads:

"This notice is hereby given you in accordance with Section XI, Paragraph (a) of that certain lease entered into between the City of Hot Springs, New Mexico, a municipal corporation, Sierra County, New Mexico, and Badger & Herring, dated February 13, 1948, of which you are assignee. Pursuant to said Section XI you are notified that said lease has been breached in the following respects: (here follows the various instances wherein the contract had been breached, as charged in the complaint and found by the trial court)

"* * * You are hereby notified that the lessor herein hereby declares said lease to be null and void and of no force and effect for your failure to comply with the terms.

"City of Hot Springs

By S/Nils T. Kjellstrom,

City Attorney"

Personal receipt of the notice was acknowledged in the following language:

"I hereby acknowledge receipt of the above Notice of Default of Lease this 30 day of September, 1949.

"Hot Springs Fair & Racing Association, Inc., (NSL)

By Douglass K. FitzHugh"

Appellant objected to the introduction of the notice in evidence. It is strongly urged that the notice is a part of the instrument upon which the action is founded and that failure to attach the original, or a copy thereof, to the complaint as an exhibit and the failure to give written notice of default as provided by the lease, nullifies the judgment.

Obviously, the purpose of the forfeiture provision was to put the lessee on notice of default and, since the record discloses that it voluntarily accepted notice, we are of the opinion that the mode of service was sufficient. We observe also that notice of default was given September 30, 1949, and that appellant retained possession until October 8, 1950, during which time appellant remained in default. While the giving of notice in such case is a condition precedent, in pleading performance, it is sufficient to aver generally that all such conditions have been performed. Rule 9(c), our Rules of Civil Procedure. The complaint so alleges. Clearly, the action was founded upon the lease and not the notice. Consequently, it was unnecessary to attach the notice or copy thereof to the complaint. Lohman v. Reymond, 18 N.M. 225, 137 P. 375; Beebe v. Fouse, 27 N.M. 194, 199 P. 364; Laws v. Pyeatt, 40 N.M. 7, 52 P.2d 127; Nixon-Foster Service Co. v. Morrow, 41 N.M. 67, 64 P.2d 92.

Finally, appellant challenges the sufficiency of the evidence. Forty-six alleged errors are assigned thereby requiring the review of a long and tedious record. However, we limit our consideration to a determination whether the findings are supported by evidence. From the examination made we conclude that there is sufficient evidence of a substantial character to support the findings.

Questions relating to the admission of certain evidence have been considered but these are found to be without merit.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COORS, JJ., concur.