[No. 1482, October 4, 1912.]

## IN THE MATTER OF THE ESTATE OF JAMES ENGLEHART, DECEASED.

### SYLLABUS (BY THE COURT).

1.  The right of a creditor of an estate to administer upon such estate is based upon his supposed interest therein, and when the status of creditor ceases, his right to administer upon the estate ceases.

2.  This court will not correct errors which work no prejudice to the parties complaining.

Appeal from Bernalillo County.

JAMES F. BROWN, for Appellant.

The motion to dismiss appeal should be dismissed for the reason that the movant is not a party to this proceeding.   Territory v. Valdez, 1 N. M. 533; In re Watts, 1 N. M. 541; Koury v. Castillo, 13 N. M. 26; In re Craigie, 24 Mont. 37; In re Bedell, 97 Cal. 623; In re Donvan, 104 Cal. 623; Strong v. Dignan, 207 Ill. 385; Erwin v. Lowry, 48 U. S. 172; O'Hara v. McConnell, 93 U. S. 150.

After appeal is taken no step in the case can be taken which by any possible contingency can prejudice appellant. Ohio L. Ins. Co. v. Winn, 4 Md. Ch. 253; Hall v. Jack, 32 Md. 253.

A non-resident is incompetent to nominate an administrator. In re Muersing, 103 Cal. 585.

The petition of Mark Englehart was not filed within twenty days after the death of James Englehart. Sec. 1964, Comp. Laws 1897; In re Sprague, 25 Mich. 357; Atkinson v. Hasty, 21 Neb. 663; In re Miller, 32 Neb. 480; 18 Cyc. 88.

Appeal having been taken the court was without jurisdiction to appoint Frank McKee administrator. Laws Laws 1897, sec. 900; Clerke v. Harwood, 3 U. S. 342; of 1901, ch. 81, sec. 1; In re Pingree, 100 Cal. 79; Comp. Young v. State, 34 Ind. 46; 2 Cyc. 889; Smith v. Chytraus, 152 Ill. 664; 3 Cyc. 478; Chase v. Washburn, 2 Ohio St. 98; In re Neidig, 38 Atl. 1033.

A written proposal to pay money without any offer of the cash is not a tender. Angier v. Equitable B. & L. Assn., 109 Ga. 625; Jennings v. Mendenhall, 7 Ohio St. 257.

GEORGE S. KLOCK, for Frank McKee, Administrator.

The cause on appeal relates to questions involving rights which have ceased to exist. Reid v. Vanderheyden, 5 Cowen, N. Y. 720; Little v. Bowers, 134 U. S. App. 557; Daniels v. Tearney, 102 U. S. 415; chap. 57, sec. 34, laws of 1907.

The estate had the right to pay Brown the amount of his clanm against James Englehart, and such payment or tender of payment would effectively dispose of any right Brown may have had in the first instance to be appointed administrator. Sec. 40, chap. 158, laws 1901; Culley v. Mohlenbrock, 36 Ill. App. 84; Arnold v. Woolsey, 54 Fed. 268; Washington Market Co. v. District of Columbia, 137 U. S. 62; Russell v. Campbell, 112 N. C. 404; State v. Richmond, etc. R. Co., 74 N. C. 287; Babcock v. Banning, 3 Minn. 191; Hunter v. Dickinson,

33 Pac. 932; Reid v. Vanderheyden, 5 Cow. 720; Curran v. Elcelsior Coal Co., 63 Ia. 94; Jones' Appeal, 87 Pa. St. 428.

JAMES F. BROWN, for Appellant in reply.

"All papers regularly filed in a cause" * * * "shall be considered a part of the record proper." Chap. 57, sec. 22, laws of 1907; 3 Cyc. 181; Brooks v. Rodgers, 101 Ala. 111; Odum v. Rutledge & J. R. Co., 94 Ala. 468; Efurd v. Loeb, 32 Ala. 429; Home E. L. & P. Co. v. Globe Tissue Paper Co., 146 Ind. 673; Gray v. Singer, 137 Ind. 257; Bowen v. State, 108 Ind. 411; Davis v. Carroll, 71 Md. 568.

In regard to a tender of money, the general rule is that the money must be actually produced and proffered. Odum v. Rutledge & J. R. Co., 94 Ala. 488; Merriam v. Victory Placer M. Co., 37 Ore. 321; Bolen v. Cumby, 14 S. W. 926; Construction Co. v. O'Neill, 24 Ore. 54; Stemmer v. Ins. Co., 49 Pac. 588; Hinchman v. Ry. Co., 44 Pac. 867; In re Day, 54 Pac. 474; Hall v. Jack, 32 Md. 253.

## STATEMENT OF FACTS.

This is an appeal from a judgment of the District Court of Bernalillo County, affirming an order from the Probate Court of the same county by which said order Frank McKee of Albuquerque was appointed administrator of the estate of James Englehart, deceased, who was a resident of the said County of Bernalillo at the time of his death on October 3rd, 1911. The appellant, James F. Brown, applied to the Probate Court of Bernalillo County to be appointed administrator of the estate of said James Englehart. His petition was filed in said Probate Court on October 17th, 1911. On October 24th, 1911, Mark Englehart, a brother of James Englehart, deceased, by a petition to the Probate Court of said Bernalillo County, recommended to the court the appointment of Frank McKee, as administrator of the estate of James Englehart, who, at the time of his death,

left him surviving his father and mother, to-wit: Phillip Englehart and Rebecca A. Englehart; Mark Englehart, a brother; two sisters and the children of a deceased sister.

The two petitions referred to were heard by the Probate Court with the result that the petition of James F. Brown was disapproved, and Frank McKee was appointed administrator of the estate of James Englehart. From this order Brown prayed an appeal to the District Court, where the order of the Probate Court was affirmed upon hearing said appeal.

It is undisputed that Brown was a creditor of the deceased, James Englehart, at the time of his death. At the trial in the District Court the heirs at law of the deceased James Englehart in open court made tender to James F. Brown of the entire amount of his claim against said James Englehart. Brown refused the tender upon several grounds, among others that the debt was not yet due. It appears, however, that Brown accepted the entire amount of his claim against James Englehart from the administrator, Frank McKee, on the 17th day of January, 1912, executing a receipt for the amount of said claim. Brown, subsequently, on March 2nd, 1912, filed a praecipe in the District Court of Bernalillo County for a transcript of the record and proceedings in this case. It appears from the record that the estate of James Englehart was solvent, and at the time the District Court heard the appeal from the Probate Court, to-wit, December 26th, 1911, all debts other than the appellants' against the decedent, James Englehart, had been paid.

## OPINION OF THE COURT.

HANNA, J.—A motion has been filed in this court to dismiss the appeal, several grounds therefor being urged, but we deem it necessary to consider only the first proposition urged, which involves the right of a creditor of an estate to persist in his application, for appointment as administrator of such estate, after his debt has been paid.

Under our practice the hearing upon the appeal to

the District Court was a trial de novo, therefore, in our opinion, the tender, to Brown, of the full amount of his claim in the District Court was as effective as though made at the time of the hearing in the Probate Court.

The statute upon which appellant bases his right to administer the estate in question is sec. 1963 of the Comp. Laws of 1897, which is as follows:

"If the deceased person makes no will, the estate shall be administered by the surviving conjugal partner, if married, and in the absence of such person, by the nearest relative of the deceased, or other person having an interest in the distribution of the property, be it an executor, legatee or creditor."

From the foregoing statute it clearly appears that the right of a creditor of an estate to administer upon such estate is based upon his supposed interest therein, and when the status of creditor ceases, his right to administer upon the estate ceases. The apparent intent of the legislature being to provide for the protection of all estates by favoring as administrators those "having an interest in the distribution of the property."

We fully agree with the reasoning of the opinion in the case of Culley et al. v. Mohlenbrock, 36 Ill. App. 85, from which we quote as follows: "The only conceivable reason for giving a creditor the right to administer upon the estate of a deceased person over persons generally, is that he has an interest in the estate to the extent of his claim."

When those to whom the estate would go, under the law, offer to pay the claim and tender the same, all reason for giving the creditor a preference in the appointment as administrator ceases. His being a creditor does not give him such a preferential right that it may not be divested by the payment of his claim by those "to whom the property of the estate belongs, subject to the payment of the debts of the estate."

It cannot be seriously urged by appellant that he would gain by a reversal of the action of the District Court. His right to administer has been divested. He has performed no services as an administrator, never having quali-

fied or furnished a bond, and, therefore, has no right to claim the fees of an administrator. We believe that this cause relates to questions involving a right which .has ceased to exist and, therefore, this appeal should be dismissed. The Supreme Court of Iowa in the case of The Chicago R. I. & P. Ry. Co. v. Dey, 46 Iowa, 281, says:

"It is a familiar rule, often applied, that this court will not correct errors which work no prejudice to the parties complaining of them."

So, in this case, the appellant being now without the right to assert any claim to administer upon the estate in question is not prejudiced by the alleged errors complained of."

We have carefully considered the other points made by appellant, but cannot consider them of sufficient weight to justify any exception to the well established principle upon which this opinion is based.

The motion to dismiss is therefore sustained and this appeal dismissed at costs of appellant.

SYLLABUS (BY THE COURT).

