(No. 1712, December 1, 1914)

LOUIS TRAUER, Appellee, vs. ERNEST MEYERS,
Appellant.

### SYLLABUS BY THE COURT.

1.  Where a defendant sets up in his answer the fact that
there is another suit pending between the parties, wherein
the same facts alleged in the complaint may be litigated, and
this allegation is denied in the reply, it is incumbent upon de-
fendant to offer proof in support of such allegations.

P. 493

2.  An appellate court will not reverse a judgment for er-
ror which resulted in no prejudice to the party seeking to
take advantage of it.                          P. 494

3.  Neither  the verdict of the jury nor the findings of a
trial court will be disturbed in the appellate court, when they
are supported by any substantial evidence,         P. 494

Appeal from District Court, Bernalillo County; Herbert
F. Raynolds, Presiding Judge.   Affirmed.

H. C. MILLER, Attorney for Appellant.

·  Case at bar should have been held in abeyance until dis-
posal of equity suit. Pomeroy's Equity Jurisprudence, (3rd.
Ed.) Vol. 4, par. 1371; Dart vs. Orme, 41 Ga. 376; Har-
rison's Devisees vs. Fleming, 23 Ky. 537; Stafford vs. Staf-
ford, 25 La. Ann. 223.

Trauer v. Meyers, 19 N. M. 490

Right of counsel to cross-examine fully: Eames, et al. vs. Kaiser, 142 U. S. 488, 35 L. Ed. 1091; Lanier vs. Branch Bank of Montgomery, 18 Ala. 625; Chandler vs. Allison, 10 Mich. 480; Fossbinder vs. Svitak, 16 Neb. 499, 20 N. W. 866; Gummell vs. State, 43 N. E. 909; Coburn vs. State, 73 N. E. 164; Walsh vs. Peterson, 81 N. W. 853.

A. B. McMillen and Isaac Barth, for Appellee.

Defendant had full opportunity to make any proper defense in lower court. C. L. 1897, Sec. 2685, sub-sec. 41, 2.

New Mexico follows the American rule that cross-examination can only relate to facts and circumstances connected with the matters stated on direct examination. Jones on Evidence, p. 1038; Philadelphia Ry. Co. vs. Larkins, 14 Pet. 461; Houghton vs. Jones, 1 Wall. 702; Wills vs. Russell, 100 U. S. 621; N. P. Ry. Co. vs. Urlin, 158 U. S. 271.

Findings of lower court, if supported by substantial evidence, are conclusive. Torlina vs. Trorlicht, 6 N. M. 54; Ford vs. Springer Land Association, 8 N. M. 67; Patterson vs. Hewitt, 11 N. M. 15; Richardson vs. Pierce, 14 N. M. 338; Mining Co. vs. Hamilton, 14 N. M. 280.

### ON MOTION FOR REHEARING.

H. C. Miller, Albuquerque, N. M., for Appellant.

There is an implied warranty of title in every contract for the sale of lands. Meyer vs. Madreperla, 96 Am. St. Rep. 536; Lounsbery vs. Locander, 25 N. J. Eq. 554.

What constitutes prejudicial or harmless error. 2 Rul. Cas. Law 235; also at page 255.

Intention of parties in regard to partnership. 30 Cyc. 432.

### STATEMENT OF FACTS.

Appellant, Ernest Meyers, contracted with the New Mexico Fuel and Iron Company, a corporation, for the purchase of certain real estate located in Estancia, New

Mexico.    Under the terms of the agreement Meyers was to, and did, pay the sum of $200.00 in cash, and a deed was executed by the corporation and placed in escrow in the Bank of Commerce of Albuquerque, the same to be delivered to Meyers upon his payment of the balance of the purchase price, viz: $2,000.00.    Some time after making the above agreement, Meyers agreed with the appellee, Trauer, to convey to him an undivided one-half interest in the property for one-half of the original purchase price. Thereupon Trauer gave Meyers his check for $700.00. which was endorsed by Meyers and, at the request of Trauer, applied on the $2,000   note of Meyers   which   the bank held under the escrow agreement. Some time thereafter Meyers agreed to convey the remaining one-half interest in the real estate to Trauer, for the sum of $1,100, at which time he gave Meyers his check for $685, which was endorsed by Meyers, and, under the direction and at the request of Trauer, applied on the note held by the bank. Thereafter Trauer tendered Meyers the balance of the purchase price and demanded a warranty deed.    At this time the parties discovered that this real estate was included in a trust deed, theretofore executed by the corporation, and that it could not convey the same free and clear from the same. Meyers refused to execute a warranty deed, but did offer to convey such title as he had.    Thereupon Trauer brought suit for the recovery of the money theretofore paid by him to Meyers, less certain amounts which he had collected as rentals on said property.

Appellant answered the complaint, denying that he had agreed to convey to appellee by warranty deed the property in question.    He also set up in his answer the fact that he had instituted a suit in equity against Trauer, the Bank of Commerce, the New Mexico Fuel & Iron Company and W. S. Hopewell, praying for an accounting as to the transaction, and a settlement of the respective rights and interests of the parties, and asked that this cause be held to await the trial and determination of said cause.

To the answer a reply was filed by appellee, denying certain allegations of new matter contained therein, and also

denying that the rights of the parties could be litigated in the equity suit.

The issue was tried to the court, which made special finding of fact in favor of the appellee, upon which conclusions of law were stated. Judgment was entered for appellee for $1,349.75, from which this appeal is prosecuted.

## OPINION.

ROBERTS, C. J.—The first alleged error discussed is the refusal of the court to hold in abeyance the present action until the termination of the equity suit. As to this it is sufficient to say that the allegations of defendant's answer in this regard were denied in the reply, and no evidence was offered by defendant to support his contention.

On the trial appellee testified as a witness, and on direct examination went fully into the transactions between himself and appellant, relative to the real estate in question. On cross examination appellant's counsel, after asking certain questions relative to what was said between the parties at the time the original agreement was entered into, propounded the following question: "And you entered into a partnership agreement with him did you not?" Appellee's counsel objected to this question on the following ground: "I object to that as not proper cross examination. They set that up as a defense and we did not ask anything about a partnership." This objection was sustained by the court. This ruling is assigned as error.

While the objection, on the ground stated, was not tenable, because appellee had gone fully into the whole transaction leading up to the acquirement by him of an interest in the real estate, and the relation of the parties, in his direct examination, still we think the error was harmless. The rule is, that "when a court is called upon to determine whether a particular contract constitutes a partnership between the parties thereto, its controlling purpose is to ascertain their intention as that is disclosed by the entire transaction. But the intention which controls in determining the existence of a partnership is the legal intention deducible from the acts of the parties, and, if they intend to do a thing which in law constitutes a partnership, they are

partners, although their purpose was to avoid the creation of such relation. Particular clauses in the contract, or even express statements that it does or does not constitute a partnership, are not conclusive on the subject." 30 Cyc. 360. The court permitted appellant to fully cross examine appellee as to all that was said and done at the time the contract for the acquisition of an interest in the real estate by appellee was entered into, and their subsequent conversations and acts likewise, and we can not well see how appellant was injured by the erroneous ruling in excluding this particular question. When all that was said and done by the parties was brought out, it was for the court to determine whether such acts and agreements created a partnership relation. It is a familiar and well established rule, that an appellate court will not reverse a judgment for error which resulted in no prejudice to the party seeking to take advantage of it. 3 Cyc. 383.

The remaining assignments of error all question the sufficiency of the evidence to sustain the findings of the trial court. We have examined the record and find that there is evidence to sustain the findings of the trial court. Appellee testified that appellant agreed to give him a warranty deed for the real estate. This appellant denied, but the trial court had the parties before it and was better able to determine the truth than is this court. In the case of James vs. Hood, 19 N. M. 234, we said, "However, under the well established rule, neither the verdict of the jury nor the findings of a trial court will be disturbed in the appellate court, when they are supported by any substantial evidence." Goldenberg vs. Law, 17 N. M. 546, 131 Pac. 499. This case comes within the rule.

Finding no available error in the record, the judgment of the trial court will be affirmed, and, IT IS SO ORDERED.