## JARAMILLO et al. v. JARAMILLO et al.

(No. 2343.   July 1, 1920.)

(Rehearing denial July 22, 1920.)

SYLLABUS BY THE COURT.

The findings of the trial court will not be disturbed where there is substantial evidence to support them.

Appeal from District Court, Valencia County; Ryan, Judge.

Suit by Jose Angel Jaramillo, administrator of the Estate of Narcisco Pino, deceased, and others, against

Julian Jaramillo and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

RODEY & RODEY and FELIX BACA, all of Albuquerque, for appellants.

ISAAC BARTH and T. J. MABRY, both of Albuquerque, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   This suit was instituted in the court below by the administrator of the estate of Narciso Pino, deceased, and certain of his heirs at law, against the appellees to cancel a deed which Julian Jaramillo claimed was executed and delivered to him by Pino in his lifetime.   Jaramillo, the appellee, was alleged to have conveyed the real estate in question to his co-appellee, Eliseo Barela; that the deed under which appellee Jaramillo claimed was a forgery; and that appellee Barela had full knowledge of the forgery at the time he purchased said real estate.   The forgery was denied by appellees.

On behalf of appellants, Mr. W. M. Tipton testified as an expert on handwriting that the signature to the deed in question was not the signature of Narciso Pino, but that the same was forged, and by enlarged photographs of admittedly genuine signatures and the signature in question, attempted to demonstrate to the court the fact of the alleged forgery.

On behalf of appellees, three witnesses, testified that they had known the deceased, Pino, for many years; that they were well acquainted with his signature, had transacted business with him; and that the signature to the deed was the genuine signature of Narciso Pino. The officer who took the acknowledgement to the deed and the witnesses were dead.

The trial court elected to believe the three nonexpert witnesses and entered judgment dismissing the complaint.

The only question presented upon this appeal is the finding by the court that the signature to the deed was not a forgery, and counsel for appellants argued, with much earnestness, that the trial judge should have believed the testimony of the expert, by reason of the claimed clear demonstration, which he made, that the alleged signature was a forgery.

There was a conflict in the evidence, and the finding that the deed was not a forgery is supported by substantial evidence. It has been consistently held by this court that, where the findings of the trial court are supported by substantial evidence, such findings will not be disturbed on appeal. Rush v. Fletcher, 11 N. M. 555, 70 Pac. 559; James v. Hood, 19 N. M. 234, 142 Pac. 162; Trauer v. Meyers, 19 N. M. 490, 147 Pac. 458; Locke v. Murdoch, 20 N. M. 522, 151 Pac. 298, L. R. A. 1917B, 267.

Appellants cite several cases holding that a verdict of a jury, based solely upon expert testimony as to handwriting, will not be disturbed on appeal, even though eyewitnesses testify contrary to the expert. Such cases, however, afford no warrant for this court overturning the findings of the trial judge in this case. He saw all the witnesses, heard them testify, observed their demeanor on the witness stand, and elected to believe the nonexpert. This was within his province.

For the reasons stated the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.