[1] Reported in 223 N.W. 133.
Henning Farmers Supply Company, a corporation, petitioned the probate court of Otter Tail county that letters of administration on the estate of Johanna Leskela, deceased, be issued to one Brandon. Objection was made by Henry Leskela, the husband of the deceased, and the petition was denied by the probate court. On appeal to the district court the order denying the petition was reversed. The *Page 224 
case is here on the appeal of Henry Leskela from the order denying his motion for a new trial.
The Henning Farmers Supply Company claims the right to have an administrator appointed because it is a judgment creditor of Ida Kantala, a daughter and one of the heirs at law of the decedent, who died intestate. We are asked to decide whether a creditor of such an heir is a person "interested in the administration of the estate" and so entitled as of right to petition for administration under G. S. 1923, § 8772. But that question we do not reach, because a fact appears in the record which shows that even though the petitioner is a creditor of Ida Kantala, the heir, it is not interested even remotely in the administration of the estate of her deceased mother.
It appears that Ida Kantala has assigned all of her interest in the estate to her father, the surviving husband of the decedent and the objector herein. It appears also and quite conclusively that if Ida Kantala had any interest in the estate, Henry Leskela now has it by complete title through the assignment from Ida Kantala, subject only to the claims of her creditors if that assignment as to them was fraudulent. That issue, if made, must be tried and determined elsewhere than in the probate court. The interest of Ida Kantala, if any, in the estate of her deceased mother having been actually transferred to and vested in the father without any proceedings for the administration of the estate of the mother, it follows that no mere creditor of the heir is interested in the administration of the estate. Therefore the action of the probate court in denying the petition was right and should be affirmed. In consequence the order of the district court appealed from must be reversed. So ordered.
HILTON, J. took no part.
 UPON APPLICATION FOR REARGUMENT.
On February 1, 1929, the following opinion was filed: