38 P.(2d) 1116

**In re MILLER'S ESTATE.**

**MILLER v. MURPHY.**

**No. 3971.**

Supreme Court of New Mexico.

Dec. 11, 1934.

Charles F. Fishback, of Fort Sumner, for appellant.

H. R. Parsons, of Fort Sumner, for appellee.

WATSON, Chief Justice.

Clarence Miller died intestate January 22, 1933. On April 5, Cliff Miller, claiming to be a brother of the deceased and also a creditor, applied for letters of administration, alleging on information and belief that the deceased was unmarried, and naming the deceased's other kindred. The probate judge took no action on this petition.

Ten days later Ella B. Murphy made application. She was appointed and qualified the same day. The showing of her application was that the deceased left no children, but left a widow, Beatrice B. Miller, present name, Yaugher, at whose request the application was made.

From the order appointing Murphy, Miller appealed to the district court, where the cause was heard and judgment rendered "that the action of the probate court in the prem-

ises be and is hereby affirmed." Miller has appealed to this court, with supersedeas.

Appellant was not permitted in the district court to prove the allegations of his petition that he was a brother and a creditor of the deceased, and that the deceased was unmarried. The trial court took the position that it was immaterial who were the kin of the deceased, since before either application was filed more than twenty days had elapsed within which a priority of right to letters might be asserted; that the probate court was at liberty to appoint any person "of sufficient capacity"; and that the appointment was reviewable by the district court to determine only whether there had been an abuse of discretion by the appointment of a person not of sufficient capacity.

The statute, after giving priority of right, first, to the surviving conjugal partner, and, second, to the nearest relative or other person having an interest in the distribution (Comp. St. 1929 § 47-110), provides that, if such person should not take out letters within twenty days, a person of sufficient capacity shall be appointed. Id. 47-111.

■ We think the court below misinterpreted this statute in holding that a person having priority of right entirely forfeits it by failure to take out letters within the specified time. It is true that such failure authorizes the court to appoint another. But we see no reason for disregarding the statute's plain policy of priority when the person entitled to it applies before advantage has been taken of the delay and some one else appointed. Woer-

ner, The American Law of Administration (3d Ed.) § 243.

■ So this case presented the issue which applicant had the better right, and it was error to reject evidence tendered to show appellant's right. On this there should have been a trial de novo. Cf. In re Englehart's Estate, 17 N. M. 299, 128 P. 67, 45 L. R. A. (N. S.) 237, Ann. Cas. 1915A, 54. This requires a reversal.

■ Appellant also contends that the widow's prior right to administer does not include the right to nominate an administrator. This seems to be the general rule under statutes which, like ours, make no provision for nomination or delegation. 11 R. C. L. 32. Woerner, American Law of Administration (3d Ed.) § 244. Schouler in his "Wills, Executors and Administrators" (6th Ed.) § 1647, does not state the matter so strongly, but we are not impressed with his comment suggestive that, while formerly so held, it is not now the better rule. The general rule as stated is in keeping with the statutory policy recognizing interest in the distribution as giving a right to administer.

If it shall appear, therefore, that appellant is a brother of the deceased, he will be entitled to preference over the appellee, unless he should be found unfit for the trust.

The judgment is reversed. The cause will be remanded for new trial. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.