263 P.2d 963

**WIGGS**

v.

**CITY OF ALBUQUERQUE et al.**

No. 5661.

Supreme Court of New Mexico.

Dec. 2, 1953.

Hannett & Hannett, Albuquerque, for appellant.

Vance Mauney, Thomas G. Cornish, Albuquerque, for appellees.

SEYMOUR, Justice.

Plaintiff seeks injunctive relief against the City of Alburquerque, its commissioners, manager and treasurer, to forbid the use of funds collected under Ordinance 784 for the purpose of paying for the electric current used in lighting approximately two and one-half miles of East Central Avenue, Alburquerque, New Mexico, a downtown area of the city, and a portion of the residential area.

The ordinance was adopted March 25, 1952, providing for a tax on gasoline and motor fuel sold and delivered in Albuquerque. Section 14–3901, 1941 Comp., enacted in 1931, provides for such a tax:

"14–3901. Authority to fix and collect license tax—Maximum amount.— The governing bodies of certain (cities) towns and villages, whether incorporated under general or special act, shall have the power to fix and have collected a license tax upon gasoline and motor fuel sold within the limits of such municipalities and shall have the power to fix the amount of the license tax to be paid thereon; Provided, that no such license tax shall exceed the sum of one cent (1¢) per gallon upon such gasoline and motor fuel sold within such municipality. (Law 1931, ch. 159, § 1, p. 276.)"

Section 14–3906, 1941 Comp., provides as follows for the disposition of the proceeds of such tax:

"14–3906. Proceeds of tax—Disposition.—All such license taxes so collected within the limits of any municipality shall be paid into the municipal treasury to be used for general municipal purposes or for any special purpose in the discretion of the governing authorities of the municipality. (Laws 1931, ch. 159, § 6, p. 276.)"

The 1952 ordinance levying the tax, section 6 thereof, provides as follows for the use of this particular tax money:

"Section 6. Use of Tax money: The proceeds of the tax collected by the City of Albuquerque under the terms of this ordinance shall be credited to the Gasoline Tax Fund by the City Treasurer, and such monies shall be withdrawn from such fund for expenditure for the purposes of street maintenance, improvement, opening and widening only."

Plaintiff, appellant, asserts that the proposed use of these funds is a diversion from and misuse of the funds so collected, contrary to the terms of the ordinance; that the diversion is discriminatory and a misuse because the expenditure is for a particular area already adequately lighted, when many

sections of the City have streets in disrepair, unpaved and unimproved.

Issues were framed which, in substance, may be stated as follows: (1) Does the use of this money for payment for electric current to light streets come within the language of section 6 of the ordinance, namely "expenditure for the purposes of street maintenance, improvement, opening and widening only"? (2) In the event such use is proper under section 6 of the ordinance, is the lighting of the particular area involved discriminatory or an abuse of discretion?

The exact use to which the City intends to put this money is reflected by three agreements between the City and the Public Service Company of New Mexico, two made in May, 1952, and the third in November, 1952. The first of these agreements provided that the City, in the interest of public safety and for the purpose of decreasing traffic hazards, would cooperate in the construction of a concrete medial divider project and maintain street lighting in connection therewith, said project being located on a particular portion of East Central Avenue. The other two agreements which raise the issues here involved provide for payment by the City to the Public Service Company for the current involved in lighting the divider project and in lighting certain lamps in residential areas of Albuquerque. A final fact appears in the

inclusion on the 9th day of September, 1952 of certain items in the annual budget of the City for the fiscal year 1952–1953, as follows:

"Gasoline Tax Fund Fiscal Year Ending
 City of Albuquerque June 30, 1953

\* \* \* \* \* \*

Expenses:

\* \* \* \* \* \*

New Street Lighting:

| East Central Lighting | $10,300.00 |
| Downtown Lighting (3 Mo.) | 2,500.00 |
| New Residential Lighting | 5,000.00" |

The trial court dismissed plaintiff's complaint with prejudice.

Appellant Wiggs does not contend that either the statute or the ordinance is unconstitutional. Such a contention would be untenable since the validity of the original legislative act of 1931 authorizing the tax by the city, and the city ordinance of 1952 levying the tax for the specific stated purpose, is amply sustained. 46 A.L.R. 609, at p. 710; Carley & Hamilton v. Snook, 281 U.S. 66, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 200; Stone v. City of Hobbs, 1950, 54 N.M. 237, 220 P.2d 704.

It is our conclusion that payment for electric current for street lighting falls within the scope of the word, "improvement," as used in section 6 of the ordinance. Much argument has been devoted to the position and meaning of the words, "only" and "improvement," in said section. The

ordinary and proper meaning of the word, "only," in this section is reached by reading the last portion of the section, as follows: " * * * for expenditure for only the purposes of street maintenance, improvement, opening and widening." Any other construction requires unreasonable strain upon the language of the ordinance.

In support of our conclusion as to the word, "improvement," the following statutes and cases are relevant: (a) Section 14-1805, 1941 Comp., recites among other powers of cities and towns, the following:

"I. To lay out, establish, open, alter, widen, extend, grade, pave, or *otherwise improve* streets, * * *

* * * * * *

"V. To provide for the lighting of the same." (Emphasis ours.)

By such act, the legislature has stated in effect that the lighting of streets is an "improvement." (b) In City of Roswell v. Bateman, 1915, 20 N.M. 77, 146 P. 950, L.R.A.1917D, 365, this Court held that the sprinkling of streets was such an "improvement" as would support a special assessment. A similar case is State v. Reis, 1888, 38 Minn. 371, 38 N.W. 97. Fisher v. City of Astoria, 1928, 126 Or. 268, 269 P. 853, 60 A.L.R. 261, holds street lighting to be a local improvement subject to special assessment. The many dictionary definitions of the word, "improvement," are sufficiently broad to include this item.

(c) Perhaps most persuasive and conclusive of this question is Ch. 122 of the Laws of 1947, a portion of which is shown as Secs. 14-4207 and 14-4208, 1941 Comp., 1951 Pocket Supp. Section 14-4207 reads as follows:

"Special street improvement fund authorized.—The governing body of any city, town or village, whether incorporated under general or special laws, collecting a license tax upon gasoline and motor fuel sold within the limits of such municipality under authority of chapter 159, New Mexico Session Laws of 1931 (§§ 14-3901—14-3908), may by ordinance create and maintain a 'Special Street Improvement Fund' into which may be placed and credited such portion of the receipts from such tax as the governing body may in such ordinance determine necessary, for use as a revolving fund in the financing of street improvement projects within such municipality. (Laws 1947, ch. 122, § 1.)"

Immediately following this section is Sec. 14-4208, providing for special assessment certificates or bonds, reading in part as follows:

"Whenever the city council of any city, * * * contemplates · grading, graveling, paving, macadamizing, sidewalking, *lighting* or otherwise improv-

ing any street or streets, * * *." (Emphasis ours.)

This 1947 enactment by the legislature, having particular reference to funds collected under the gasoline tax contemplated by the original 1931 act, provides for the creation by ordinance of a "Special Street Improvement Fund," and in the following section, specifically includes the lighting of streets as a proper improvement to be made out of such fund. For this Court, in the face of that legislative act, to declare that street lighting is not included within the street improvement contemplated by section 6 of the municipal ordinance, would be to specifically override the intent and purpose of the legislature.

It is our conclusion that the proposed expenditure is a proper one under Ordinance 784. Parenthetically, it may be stated that since the contracts between the Public Service Company and the City were general obligations of the City, it was proper to include them in the annual budget together with a designation of these particular funds for their payment.

▆▆▆▆ Turning to appellant's view of this case, his brief comprehends three points. We shall consider them in inverse order. The third point reads as follows:

"Payment for the current for street lighting constitutes a diversion and misuse of the fund created by Ordinance 784 for the reason that street lighting

is not within the purposes set forth for the use of said fund: 'Street maintenance, improvement, opening and widening only.' "

This point has been covered above unless it be said that the purchase of current for the lighting is something other than the lighting itself. We find no merit in such a distinction.

Point II of appellant's brief reads as follows:

"The trial court erred in holding that the fund created by the tax levied under Ordinance 784 constituted general funds of the city, and therefore the expenditure thereof discretionary with city officials."

Having already concluded that the act authorizing this tax and the ordinance levying the tax are valid, and having further concluded that the proposed expenditure of moneys is proper under the terms of the ordinance, the question raised by Point II of appellant's brief is unnecessary to the decision in this case. If these funds are general, their expenditure for this purpose is proper; if they are special funds, the expenditure is within the specified purpose. The same thing is true of Point I of appellant's brief stating that:

"The trial court is required to make findings of ultimate fact based upon substantial evidence, and the failure or refusal to do so constitutes error."

With regard to appellant's second and third points, it may well be true that the trial court erred in holding that the funds collected pursuant to the ordinance levying the gas tax were general funds of the City. It seems much more likely that such funds constitute a "Special Street Improvement Fund" under Ch. 122 of the Laws of 1947. The mere fact that the City chose to pay its obligations currently rather than borrow money against such fund as authorized by the 1947 enactment, does not mean that such funds cannot constitute a special fund. However, erroneous findings by the trial court do not require this Court to reverse the trial court's judgment if such error is harmless. Further, refusal of the trial court to make certain findings and conclusions requested by appellant, even though error, was harmless since the inclusion of such findings and conclusions would not have changed the judgment of the trial court upon the application of the rules of law herein stated. The only testimony given in this case was that of the plaintiff Wiggs, first as to his right to bring the suit, which right was not questioned, and second as to the fact that many streets in Albuquerque were in poor repair and unlighted. All other facts presented to the trial court raising the issues for decision were stipulated by the parties. As the trial court stated, the plaintiff had the burden of proof in this cause and he cannot complain of his failure to raise issues of fact. In such a case findings of fact and conclusions of law, as required by our rules, could have been omitted entirely and this Court still review the decision on the basis of the trial court's opinion and order of dismissal. Ætna Life Ins. Co. v. Meyn, 8 Cir., 1943, 134 F.2d 246. Also our own Court has steadily taken the position that it will not reverse the judgment of the trial court for harmless error. In the case of Lockhart v. Wills, 9 N.M. 344, 54 P. 336, 341, Lockhart v. Johnson, 1898, 181 U.S. 516, 21 S.Ct. 665, 45 L.Ed. 979, this Court stated:

"It is therefore clear that to remand this case for a new trial would be an empty ceremony. The result of a new trial could not but bring the same result. The assigning of a wrong reason for an act by the court below is not error if the act done was, in law, right."

In Lopez v. Townsend, 1938, 42 N.M. 601, 82 P.2d 921, 934, Justice Zinn, citing the Lockhart case, stated:

"Under this view, the trial court reached the correct result even though it did so by pursuing a false issue. The error, if any, in so doing does not harm the defendant."

To the same effect, see Trauer v. Meyers, 1914, 19 N.M. 490, 147 P. 458; In re Englehart's Estate, 1912, 17 N.M. 299, 128 P. 67, 45 L.R.A.,N.S., 237, Ann.Cas.1915A, 54; and State Trust & Savings Bank v. Hermosa Land & Cattle Co., 1925, 30 N.M. 566,

240 P. 469, 477, in which Justice Watson stated:

"Our review is for the correction of an erroneous result, rather than merely to approve or disapprove the grounds on which it is based."

 Finally, we find no merit in the contention of appellant that the use of these moneys for the purpose above stated is discriminatory, either by reason of the fact that the lighting is located in one part of town rather than another, or because there are many streets in Albuquerque which are in poor condition. In this connection, the trial court had this to say:

"The question of Governmental discretion of a governing body, only comes into play, here, in that the lighting happens to be placed on a certain street. * * * There should be some widespread use of the street lighting throughout the City. In the modest areas of improvement, possibly more than our City Commission decided. * * * But it isn't the function of the Court to exercise Governmental discretion of the City Governing Board. * * * but I know of no superintending power of control the District Court has over the City Commission on such matters as the areas to be used by lighting systems."

Complete support of the trial court's position on this question appears in McQuillin, Municipal Corporations, 3rd Ed., Vol. 13, sec. 37.25.

The judgment of the trial court is affirmed.

It is so ordered.

SADLER, C. J., and McGHEE, COMPTON and LUJAN, JJ., concur.