295 P.2d 858

D. E. EDWARDS, d/b/a D. E. Edwards Construction Company, Plaintiff-Appellant,

v.

D. C. PETERSON and Mrs. D. C. Peterson, Defendants-Appellees.

No. 6027.

Supreme Court of New Mexico.

March 26, 1956.

J. B. Newell, Edward E. Triviz, Las Cruces, for appellant.

J. D. Weir, L. J. Maveety, Las Cruces, for appellees.

EDWIN L. SWOPE, District Judge.

In this case, plaintiff (appellant) sued defendants (appellees) in quantum meruit for the reasonable value of labor and materials

furnished by him in remodeling defendants' home located near Las Cruces, New Mexico. In their answer, defendants claimed that plaintiff was not entitled to recover in quantum meruit for the reason that the parties had entered into a contract whereby plaintiff agreed to do the remodeling work for a stipulated sum of money. They also filed a counterclaim in which they asked for damages allegedly resulting from plaintiff wrongfully leaving the job prior to its completion. The trial court, after hearing the evidence, made the following findings of fact and conclusions of law:

"Findings of Fact

"I.

"The parties entered into a verbal contract whereby plaintiff agreed to remodel defendants' house in certain particulars, furnishing the materials and performing the labor contemplated for the sum of $4,188.

"II.

"After plaintiff commenced work on the job, material changes from and additions to the original plan were made by mutual agreement and, in consideration therefor, plaintiff was to be paid an additional sum of $750 plus $285 for five windows to be furnished.

"III.

"Under the original agreement, plaintiff was to be paid the contract price of $4,188

on completion of the work, but the changes and additions required a longer period of time and caused plaintiff to expend more funds in the performance than originally contemplated by the parties and relieved plaintiff of the obligations of waiting until the completion of the work before being entitled to payment.

"IV.

"After the work had progressed for sometime, plaintiff demanded payment on his account, and defendants without justification refused to pay any sum, whereupon, plaintiff stopped work and abandoned the contract.

"V.

"That when plaintiff stopped work, defendants completed the job in substantial compliance with the contract, as modified, and necessarily expended the sum of $1,-644.04 in so doing, and became thereby entitled to credit against plaintiff for such expenditure.

"VI.

"That had plaintiff completed the work he would have been required to expend at least $1,644.04 in so doing and would be unjustly enriched in such amount unless charged therewith.

"VII.

"Because of the vagueness and uncertainty of the testimony adduced by plaintiff, it is not possible to ascertain the cost to plaintiff of the materials and labor which he furnished in doing the work on the house.

"VIII.

"The plaintiff's claim based on quantum meruit is not tenable, his remedy being on the contract as modified.

"IX.

"Defendants' counterclaim should be denied for the reason that there is no sufficient and competent evidence to support any claim for damages asserted therein.

"X.

"That plaintiff should have judgment against defendants for the sum of $4,188, $750 and $285, less the sum of $1,644.04 or a difference of $3,578.96, with interest thereon at 6% per annum from May 1, 1953 until paid and for his costs.

"The Court adopts the following

"Conclusions of Law

"I.

"Judgment will enter for plaintiff and against defendants for $3,578.96, with interest and costs as stated above.

\* \* \* \* \* \*

"All requested Findings of Fact and Conclusions of Law submitted by the parties at variance with this Decision are hereby denied."

Judgment was entered for plaintiff in the amount of $3,578.96, plus interest and costs, and being dissatisfied with the amount of the judgment, plaintiff appealed to this Court.

■ No cross appeal is taken by defendants questioning the fact that plaintiff sued in quantum meruit and recovered in contract, and we will not notice the question. Compare, Harbison v. Clark, 59 N.M. 332, 284 P.2d 219.

■ The plaintiff assigns numerous errors principally on account of the trial court's action in adopting the contract instead of the quantum meruit theory of the case and findings which were adverse to those submitted by him. An examination of the record reveals that some of the testimony was conflicting, however, there was substantial evidence to support the trial court's findings. It is well settled that this Court will not reverse the decision of a trial court if there is substantial evidence to support its findings, and in reviewing the record, the evidence must be considered in the light most favorable to the appellee. Mobley v. Garcia, 54 N.M. 175, 217 P.2d 256, 19 A.L.R.2d 553. Furthermore, the trial court's action in refusing to adopt the plaintiff's theory of the case and his requested findings of fact, which it had covered by adverse findings, was not error. Libby v. De Baca, 51 N.M. 95, 179 P.2d 263.

■■ The plaintiff argues that in this case the trial court's findings should not be given the usual weight because they are inconsistent with a statement made by the court in overruling a motion to dismiss made by defendants when plaintiff rested his case and in a memorandum opinion fur-

nished to the parties at the end of the case wherein the trial court indicated that he would adopt the quantum meruit theory in his final decision. Plaintiff also argues that the trial court committed error in refusing to make his informal memorandum opinion a part of the record and in not granting him a new trial because of the inconsistencies and for the purpose of taking additional testimony. There is no merit in this argument. It is the trial court's final findings of fact and conclusions of law, and not its informal statements and opinions made during the course of the trial, that are controlling. Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740. Furthermore, a motion for a new trial is addressed to the discretion of the trial court and, in the present case, the court's refusal to grant a new trial was not an abuse of discretion. Cienfuegos v. Pacheco, 56 N.M. 667, 248 P. 2d 664.

 Section 52(b) (5) of the Rules of Civil Procedure requires that all requested findings of fact and conclusions of law not included in the court's findings and con-, clusions shall be by the court marked "Refused" and shall be filed as a part of the record. In the present case, the court did not mark each requested finding and conclusion not included in his findings and conclusions "Refused", but instead stated in his Conclusions of Law, which were filed as a part of the record, that "All requested Findings of Fact and Conclusions of Law submitted by the parties at variance with this Decision are hereby denied". Inasmuch as the record shows that portions of some of the Findings and Conclusions submitted by both parties were refused while other portions were adopted, and that the wording of all of the Findings and Conclusions is different, we believe that, under the circumstances, the trial court's method of handling the matter was proper. See, Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508. It would have been confusing to all concerned if the court had studied each phrase and sentence of each Finding and Conclusion and then marked each one that he was unable to adopt in its entirety, "Refused". Moreover, it is obvious that the court's action did not in any way work to plaintiff's disadvantage or prejudice in perfecting and presenting his appeal. This Court will not correct alleged errors which are obviously not prejudicial. In re Englehart's Estate, 17 N.M. 299, 128 P. 67, 45 L.R.A.,N.S., 237; Trauer v. Meyers, 19 N.M. 490, 147 P. 458.

Other questions are urged by plaintiff as grounds for reversal. We have considered them and find them without merit.

Finding no error in the record, the judgment of the lower court is affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.