328 P.2d 941

Charles M. ASBURY, a minor, by his father and next of friend, Robert Asbury, Plaintiff-Appellee,

v.

YELLOW–CHECKER CAB COMPANY, Inc., a corporation, Defendant-Appellant.

No. 6418.

Supreme Court of New Mexico.

Aug. 12, 1958.

Coker, Boyd & May, Albuquerque, for appellant.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellee.

COMPTON, Justice.

Appellee brought this action for damages for personal injuries sustained by him while riding as a paying passenger in appellant's taxicab which was involved in a collision with another vehicle at the intersection of Lomas and Campus Boulevard in the City of Albuquerque. The cause was tried to the court, and from a judgment awarding damages in amount of $2,750 for pain and suffering, appellant prosecutes this appeal.

■ That appellant's negligence was the proximate cause of the alleged injuries, is not questioned. The principal question is whether the award is excessive; appellant

claims that it is, and the claim requires a summary of the evidence as to appellee's injuries. As a result of the collision, appellee sustained a back injury and a fractured nose; he was unable to speak for a short while after the accident; blood was running from his nose and he suffered pain in his back; he was taken to a hospital where he was administered medication throughout the night, and during which time he was in a state of shock. He was unable to walk for 6 or 7 days. It was 12 or 13 days before he was able to walk unassisted. He had to be fed liquid nourishment through a tube for several days as he was unable to raise his head. He was confined to the hospital for 18 days and when he left he was still suffering pain in his back, in the region of the kidneys. Then at the time of the trial, some 2 years later, his back would pain him when he did any kind of lifting and his nose continued to give him pain during cold weather or when he sneezed.

■ This court does not hesitate to grant relief from excessive awards, Montgomery v. Vigil, —— N.M. ——, —— P.2d ——; however, an award "should not be disturbed as excessive, except in extreme cases, as where it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive where palpable error is committed" or where the fact finder has mistaken the measure of dam-

ages. Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, 389. See also Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R. 2d 407.

Viewing the evidence as to pain and suffering in a light most favorable to appellee, we conclude that the award was amply supported by substantial evidence and that this case does not fall within any of the exceptions mentioned. Nor can we say the award is excessive as a matter of law. Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858; Archuleta v. Velasquez, 60 N.M. 97, 287 P.2d 989.

Appellant tendered several requested findings of fact contrary to those made, which were refused, and such refusal is a point argued for reversal of the judgment. We find no merit to this argument. Where the findings made are supported by substantial evidence, the refusal to make contrary findings is not error. Moreover, the findings requested are findings of evidential facts, not ultimate facts as required. Christmas v. Cowden, 44 N.M. 517, 105 P.2d 484; Archuleta v. Velasquez, supra. Section 21-1-1, 52(B)(2), 1953 Comp., 52 (B)(2) our Rules of Civil Procedure.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.