358 P.2d 619

Richard W. HYDE, Plaintiff-Appellant,

v.

Carl C. ANDERSON, Sr., Defendant-Appellee.

No. 6698.

Supreme Court of New Mexico.

Jan. 12, 1961.

Threet, Ussery & Threet, Albuquerque, for appellant.

Grantham, Spann & Sanchez, Albuquerque, for appellee.

CARMODY, Justice.

Appellant, plaintiff below, seeks to reverse the judgment of the trial court, decreeing the title to certain shares of corporate stock to be vested in the appellee.

The parties, by agreement dated September 27, 1955, had become involved in the use or proposed use of corporate entities to further certain mining ventures. Appellant Hyde, according to the agreement, contributed some 4,400 shares in the Industrial Uranium Company, together with interests in certain mining claims; and appellee Anderson contributed some $29,000, a part of which was used by Hyde to acquire ownership of part of the Industrial Uranium stock. The ultimate purpose of the agreement was never entirely carried out, although the stock was divided between the parties by subsequent written instruments.

On August 26, 1956, a contract was prepared between Hyde, Anderson and the Mercury Uranium and Oil Company. This contract was signed by all the parties on February 20, 1957, and it is principally a construction of this instrument upon which the case is based. This particular contract, without setting the same out in full, was entered into between the three parties above referred to, and had for its consideration the mutual promises, covenants and undertakings of the parties. According to it, Hyde was to assign certain mining rights to Mercury, and Hyde and Anderson were to assign certain other mining rights to Mercury. Anderson also agreed to do certain other things not pertinent to this matter. Mercury agreed, among other things, to issue certain shares of its stock to Hyde and Anderson. Paragraph 13 of this agreement is as follows:

"Hyde and Anderson agree that they have made division of the Industrial Uranium Company stock acquired for their joint account, and that notes issued by Industrial Uranium Company in the total amount of approximately

$14,624.75 to Hyde remain the joint property of Hyde and Anderson in equal portions. With such stipulations, Hyde and Anderson agree that their agreement dated September 27, 1955 has been performed, settled and discharged and the same is no longer of any force and effect."

The trial court found that this agreement was clear, unequivocal and unambiguous, and that all prior and contemporaneous agreements were merged therein. This finding and the conclusion of law based thereon are not attacked, although Hyde contends that there is no substantial evidence to support the judgment itself.

The principal basis of this contention is the testimony of Hyde himself—that he refused to sign the contract until Anderson agreed to return all of the Industrial Uranium Company stock. This particular testimony was objected to under the parol evidence rule, and the court received the same in evidence but, obviously, in rendering its decision, disregarded the same. The decision itself, by a conclusion of law, stated that in view of the fact that the agreement was unambiguous, parol evidence could not be used to vary or change the terms thereof.

 Fraud is neither alleged nor proved. We do not see how it can be asserted that Hyde's testimony, that there was a promise to return the stock to him in consideration of his signing the August 26, 1956 agreement, is not contrary to the terms of paragraph 13 in which it is stated that "Hyde and Anderson agree that they have made division of the Industrial Uranium Company stock acquired for their joint account, * * *." To our minds, return of the stock is totally inconsistent with confirming "division"; accordingly, the only purpose of the testimony was to vary the writing, which could not be done by parol. Alford v. Rowell, 1940, 44 N.M. 392, 103 P.2d 119; and Bell v. Lammon, 1947, 51 N.M. 113, 179 P.2d 757. Compare, Hoge v. Farmers Market & Supply Co. of Las Cruces, 1956, 61 N.M. 138, 296 P.2d 476.

We need not set out the evidence upon which the trial court based its decision, other than the contract itself; but it is clear to us that there was substantial evidence upon which the trial court could base its finding. See, Pentecost v. Hudson, 1953, 57 N.M. 7, 252 P.2d 511.

Hyde's point II claims error in the refusal of the trial court to adopt a requested finding and a conclusion of law based thereon.

 The appellant's proposed finding is in direct conflict with the finding made by the trial court, which was not attacked, and, being supported by substantial evidence, under our many decisions, must be accepted in this court. Pentecost v. Hudson, supra; Provencio v. Price, 1953, 57 N.M. 40, 253 P.2d 582; Totah Drilling Co. v.

Abraham, 1958, 64 N.M. 380, 328 P.2d 1083; and Rule 15(6), Rules of Supreme Court (§ 21–2–1(15), subd. 6, N.M.S.A., 1953 Comp.). Also, having carefully examined the evidence, we are satisfied that the finding was based upon substantial evidence and the court's refusal to make a contrary finding is not error. Luna v. Flores, 1958, 64 N.M. 312, 328 P.2d 82; Asbury v. Yellow-Checker Cab Co., 1958, 64 N.M. 372, 328 P.2d 941; and Hines v. Hines, 1958, 64 N.M. 377, 328 P.2d 944.

■ The essence of appellant's contention as to the requested finding is that he contends that the paragraph quoted from the agreement amounted to a rescission of the original contract and many cases are cited by appellant dealing with the effect of a rescission. However, the use of the words "performed, settled and discharged" certainly does not carry the same meaning as "rescinded." We feel that the meaning is clear and unambiguous, and that the cases relied upon are not in point under the facts of this case.

■ Hyde's last point is to the effect that the trial court quieted the title to the stock in Anderson as against Hyde, and that there is no pleading warranting the granting of such relief.

This is technically true, although the complaint sought an adjudication of ownership in the stock, and the answer not only denied Hyde's ownership but asserted ownership in Anderson.

The finding of the trial court was that the defendant was the owner, and we fail to see in what manner the appellant was injured by the action of the court in making the adjudication it did. The court determined that the stock did not belong to Hyde, and it would follow as a matter of course in this lawsuit that, since it did not belong to Hyde, the court would be justified in determining that it did belong to Anderson or to some other person.

As stated, we see no prejudice to the appellant, nor any error that would affect the ultimate result or substantial rights of the parties. See, Edwards Const. Co. v. Peterson, 1956, 61 N.M. 104, 295 P.2d 858; Shultz v. Ramey, 1958, 64 N.M. 366, 328 P.2d 937; Johnson v. Nickels, 1959, 66 N.M. 181, 344 P.2d 697; Wiggs v. City of Albuquerque, 1953, 57 N.M. 770, 263 P.2d 963; and Rule 61, Rules of Civil Procedure (§ 21–1–1(61), N.M.S.A., 1953 Comp.).

In view of what has been said, we find the appellant's contentions without merit, and the judgment will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.